The STATE of Ohio, Appellee,

v.

WEEMS, Appellant.

[Cite as *State v. Weems*, 192 Ohio App.3d 560, 2011-Ohio-721.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94951.

Decided Feb. 17, 2011.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew Waters, Assistant Prosecuting Attorney, for appellee.

Russell S. Bensing, for appellant.

--------

MARY J. BOYLE, Judge.

{¶ 1} Defendant-appellant, Brian Weems, appeals his conviction and sentence. He raises two assignments of error for our review:

{¶ 2} "[1.] Defendant's convictions were based upon insufficient evidence, and against the manifest weight of the evidence, in violation of Defendant's right to Due Process of Law under the 14th Amendment to the United States Constitution, and Article I, Section 16 of the Constitution of the State of Ohio.

{¶ 3} "[2.] The trial court failed to advise the Defendant of the consequences of a violation of postrelease control, thus resulting in a void sentence."

{¶ 4} Finding merit to his second assignment of error, we reverse Weems's sentence regarding postrelease control. And since Weems has already completed his prison term, he cannot be subjected to another sentencing hearing to correct the trial court's error. Thus, we order that Weems be immediately discharged from any postrelease control supervision.

Procedural History and Factual Background

{¶ 5} In January 2010, Weems was indicted on one count of domestic violence, in violation of R.C. 2919.25(A), with a specification that he had two previous convictions of domestic violence. He pleaded not guilty to the charge. After he waived his right to a jury, the case proceeded to a bench trial. Before the trial began, Weems stipulated to his prior convictions of domestic violence. The following facts were presented to the trial court.

{¶ 6} Brittany Worthy testified that Weems was her husband and that they had five children together. Worthy and Weems lived together with their children in Cleveland.

{¶ 7} Worthy testified that just before Christmas 2009, she and Weems had gotten into an argument. Worthy said that Weems "pushed [her] against [her] mouth," with his open hand and pushed her into a wall. She agreed that she gave two statements to police, and in both of the statements she told police that Weems slapped her in the face and she hit the wall. She identified photos taken by police that showed that she had a bloody lip from the "push" to her mouth.

{¶ 8} Officer Eric Melendez testified that he and his partner responded to the scene. He observed a cut to Worthy's lower lip and requested that the photos be taken. Officer Melendez stated that Worthy was initially reluctant to talk to him but that she eventually—when he separated her from Weems—told him that

Weems had hit her and pushed her. Officer Melendez then explained that Worthy filled out a domestic-violence complaint form.

{¶ 9} The trial court found Weems guilty of domestic violence, a felony of the third degree. It then sentenced Weems to one year in prison and notified him that he could receive up to three years of postrelease control upon his release from prison.

### Sufficiency and Manifest Weight of the Evidence

{¶ 10} In his first assignment of error, Weems argues that the state failed to present sufficient evidence on his domestic-violence conviction and that his conviction was against the manifest weight of the evidence. He makes the same argument for both, and thus, we will address them together.

{¶ 11} When an appellate court reviews a record upon a sufficiency challenge, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 12} In reviewing a claim challenging the manifest weight of the evidence, "[t]he question to be answered * * * is whether 'there is *substantial* evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt.' (Emphasis sic.) *State v. Getsy* (1998), 84 Ohio St.3d 180, 193–194, 702 N.E.2d 866 * * *. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury ' "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." ' *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717." *Leonard* at ¶ 81.

{¶ 13} Weems was convicted of a violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm is defined in R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 14} Weems contends that the state failed to present sufficient evidence on the element of "knowingly." He claims that although the "facts might be sufficient to establish his guilt under the (B) section ["No person shall recklessly cause serious physical harm to a family or household member]", it is not sufficient to establish guilt for a knowing mens rea. He points to the fact

that Weems testified only that he pushed her, which he argues cannot support an inference of a "knowing intent."

{¶ 15} Pursuant to R.C. 2901.22(B), a "person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."

{¶ 16} Worthy testified that Weems "pushed [her] against [her] mouth" with his open hand and pushed her into a wall, causing an injury to her lip. Officer Melendez also said that although Worthy did not want to talk to police, she eventually told him that Weems hit her and pushed her.

{¶ 17} After reviewing the evidence in a light most favorable to the state, we conclude that it presented sufficient evidence to establish the mens rea element of knowingly. We further find that the trier of fact—the trial court in this case— did not clearly lose its way when it found Weems guilty of domestic violence. Thus, Weems's conviction was not against the manifest weight of the evidence.

{¶ 18} Weems's first assignment of error is overruled.

Postrelease Control

{¶ 19} In his second assignment of error, Weems contends that the trial court failed to properly notify him about the consequences of violating the terms of his postrelease control. We agree.

{¶ 20} If a court imposes a prison sentence that includes a term of postrelease control, the court must notify the offender, *both at the sentencing hearing and in its journal entry*, that the parole board can impose a prison term if the offender violates the terms and conditions of postrelease control. R.C. 2929.191(B)(1). This court has held that the failure to advise the defendant at the sentencing hearing of the consequences of violating postrelease control is contrary to law. *State v. Samilton*, 8th Dist. No. 92823, 2010-Ohio-439, 2010 WL 457278; *State v. McKissic*, 8th Dist. Nos. 92332 and 92333, 2010-Ohio-62, 2010 WL 117701; *State v. Hairston*, 8th Dist. No. 94112, 2010-Ohio-4014, 2010 WL 3352526; *State v. White*, 8th Dist. No. 92056, 2009-Ohio-4371, 2009 WL 2624868; *State v. Cook*, 8th Dist. No. 90487, 2008-Ohio-4246, 2008 WL 3870614.

{¶ 21} Here, the court failed to notify Weems of the consequences of violating postrelease control at the sentencing hearing, but did include the notice in the sentencing entry. Since the trial court was supposed to do both, putting the notice in the sentencing entry was not sufficient to correct the error.

{¶ 22} The state concedes this error and further maintains that the trial court incorrectly imposed a discretionary three-year period, rather than a mandatory three-year period. The state is correct because R.C. 2967.28(B)(3) provides

that "[f]or a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years."

{¶ 23} But in this case, Weems completed his prison term on December 22, 2010, and has been released. In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, the Ohio Supreme Court held that "[i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is [contrary to law], and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant *unless the defendant has completed his sentence*." (Emphasis added.) Id. at syllabus. In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court also recognized that a trial court lacks authority to resentence an offender if the sentencing error was discovered "after the offender ha[s] been released from prison." Id. at ¶ 15. See also *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70 (noting that a defendant cannot be subjected to another sentencing hearing after he "has completed the prison term imposed in his original sentence"); *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18 (concluding that defendant could not be resentenced because he had "already served the prison term ordered by the trial court").

{¶ 24} In *Bloomer*, the Ohio Supreme Court further explained at ¶ 72:

{¶ 25} "[T]he legislature has now amended R.C. 2929.14(F)(1) to provide: 'If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a court to include a post-release control requirement in the sentence pursuant to this division does not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender under division (B) of section 2967.28 of the Revised Code.' Nothing in that division, however, provides that the executive branch may impose postrelease control if the sentencing court has not ordered it, nor does its language conflict with our precedent. However, a sentencing court must impose postrelease control before an offender completes the stated term of imprisonment. * * * We therefore reverse the decision of the court of appeals and discharge [the defendant]."

{¶ 26} Thus, since Weems has already completed his sentence, he "cannot be subjected to another sentencing [hearing] to correct the trial court's flawed imposition of postrelease control." *Bloomer* at ¶ 70, citing *Bezak* at ¶ 18 and *Simpkins* at the syllabus.

{¶ 27} In accordance with Ohio Supreme Court precedent, and in light of its recent decision *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d

332, ¶ 26 ("when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside"), we therefore reverse that part of Weems's sentence that imposed postrelease control. We further discharge Weems from any postrelease-control supervision.

{¶ 28} The sentence is reversed in part to reflect that Weems is not subject to any period of postrelease control, discretionary or mandatory.

Judgment affirmed in part
and reversed in part.

BLACKMON, P.J., and COONEY, J., concur.