[Cite as *State v. Maney*, 2013-Ohio-2261.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO.  4-12-16

      v.

MARK MANEY, JR.,                  O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO.  4-12-17

      v.

MARK MANEY, JR.,                  O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Defiance County Common Pleas Court**
**Trial Court Nos. 12 CR 11316 and  11 CR 11239**

**Judgments Reversed and Causes Remanded**

**Date of Decision:  June 3, 2013**

APPEARANCES:

      *W. Alex Smith* **for Appellant**

      *Morris J. Murray and Russell R. Herman*  **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Mark Maney, Jr., appeals the judgment entry denying his pre-sentence motion to withdraw his plea of no contest and sentencing him to four years imprisonment for a third-degree felony domestic violence conviction in Defiance County Court of Common Pleas case no. 11 CR 11239, which was assigned appellate case no. 4-12-17. Maney also appeals the judgment entry denying his pre-sentence motion to withdraw his plea of no contest in Defiance County case no. 12 CR 11316, which was assigned appellate case no. 4-12-16. We reverse the trial court's judgment entries denying Maney's pre-sentence Crim.R. 32.1 motions to withdraw and remand for further proceedings.

{¶2} On October 19, 2011, the Defiance County Grand Jury indicted Maney on Count One of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, and Count Two of domestic violence in violation of R.C. 2919.25(B), (D)(4), a third-degree felony. (Doc. No. 1).[1] This was assigned trial court case no. 11 CR 11239. (*Id.*).

{¶3} On October 27, 2011, Maney was arraigned and entered pleas of not guilty to both counts. (Doc. No. 6).

---

[1] The indictment actually stated a violation of R.C. 2919.25(D)(4), omitting division (B) from that section; however, the language of the indictment stated that Maney "recklessly caused serious physical harm to the victim, A.G., a family or household member." (Doc. No. 1). The indictment also stated that Maney had been previously convicted of four domestic violence offenses. (*Id.*). Therefore, the indictment charged Maney under R.C. 2919.25(B), (D)(4), though there is a question concerning whether division (B) was the proper basis for the conviction. (May 29, 2012 Tr. at 15-18).

{¶4} On February 3, 2012, the Defiance County Grand Jury indicted Maney on six counts of violating a temporary protection order ("TPO"), violations of R.C. 2919.27(A)(1) and fifth-degree felonies. This case was assigned trial court case no. 12 CR 11316. (Doc. No. 1).

{¶5} On February 15, 2012, Maney was arraigned and entered pleas of not guilty on all six counts. (Case No. 12 CR 11316, Doc. No. 9).

{¶6} On April 20, 2012, Maney filed a "motion in limine for ruling on admissibility of alleged prior conviction and collateral attack on same by motion to suppress." (Case No. 12 CR 11316, Doc. No. 15).

{¶7} On May 29, 2012, a change of plea hearing was held for both cases. Pursuant to the parties' plea negotiations, Maney withdrew the pending motion in limine/motion to suppress filed in case no. 12 CR 11316 and entered no contest pleas to Count Two in case no. 11 CR 11239 and Counts One, Two, Three, and Four in case no. 12 CR 11316. (Tr. at 3). In exchange for Maney's pleas of no contest, the State agreed to dismiss the remaining counts in the two indictments and not indict Maney on additional TPO violations. (*Id.*). The trial court accepted the pleas, found Maney guilty on each of the counts, and ordered a pre-sentence investigation ("PSI") report. (*Id.* at 18); (Case No. 11 CR 11239, Doc. No. 27); (Case No. 12 CR 11316, Doc. No. 20).

{¶8} On July 5, 2012, Maney filed, through counsel, a pre-sentence Crim.R. 32.1 motion to withdraw his no contest pleas in trial court case no. 12 CR 11316. (Doc. No. 21). On July 21, 2012, Maney, pro se, also filed a pre-sentence Crim.R. 32.1 motion to withdraw in this same case. (Doc. No. 22).

{¶9} On July 11, 2012, Maney, pro se, filed a pre-sentence Crim.R. 32.1 motion to withdraw his no contest pleas in trial court case no. 11 CR 11239. (Doc. No. 28). Maney, per his attorney, filed another pre-sentence Crim.R. 32.1 motion that same day in this case. (Doc. No. 29).

{¶10} On July 24, 2012, the trial court held a combined motion/sentencing hearing. The trial court overruled the pending motions to withdraw filed in both cases. (Tr. at 12). The trial court thereafter sentenced Maney to four years imprisonment on the third-degree felony domestic violence conviction in case no. 11 CR 11239. (*Id.* at 26). In case no. 12 CR 11316, the trial court sentenced Maney to six months on each of the four convictions. (*Id.*). The trial court further ordered that the terms imposed in case no. 12 CR 11316 be served consecutive to each other and consecutive to the term imposed in case no. 11 CR 11239, for an aggregate sentence of six years. (*Id.*).

{¶11} On August 1, 2012, Maney, pro se, filed a motion to withdraw his plea of no contest in both cases. (Case No. 11CR 11239, Doc. No. 31); (Case No. 12 CR 11316, Doc. No. 23). On August 3, 2012, the trial court overruled these

motions and filed its judgment entries of sentence. (Case No. 11 CR 11239, Doc. Nos. 32-33); (Case No. 12 CR 11316, Doc. Nos. 24-25).

{¶12} On August 8, 2012, Maney, pro se, filed notices of appeal from the trial court's judgment entries of sentence that also denied his various motions to withdraw. On August 23, 2012, Maney, through his appointed appellate counsel, filed amended notices of appeal.

{¶13} Maney raises two assignments of error for our review. We elect to address Maney's second assignment of error first since it is dispositive.

### Assignment of Error No. II

**The trial court erred when it denied the defendant's motion to withdraw his plea.**

{¶14} In his second assignment of error, Maney argues that the trial court erred by denying his pre-sentence motion to withdraw his no contest pleas. In particular, Maney argues that, while not forced to enter the plea, he reluctantly entered the plea upon the advice of counsel. He argues that he had many motions which were withdrawn that he would like to have argued but did not pursuant to the plea agreement.

{¶15} As an initial matter, we note that Maney also filed post-sentence motions to withdraw, but he has not raised any arguments with respect to these motions. (Case No. 11 CR 11239, Doc. No. 31); (Case No. 12 CR 11316, Doc. No. 23). Therefore, we will only discuss his pre-sentence motions to withdraw.

{¶16} Crim.R. 32.1 provides a defendant may file a pre-sentence motion to withdraw a no contest plea. The general rule is that a trial court should freely grant such a motion. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992); *State v. Spivey*, 81 Ohio St.3d 405, 415 (1998). However, a defendant does not maintain an absolute right to withdraw his no contest plea prior to sentencing. *Xie*, paragraph one of the syllabus; *Spivey* at 415. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists to allow a defendant to withdraw. *Id.*; *Id.*

{¶17} A trial court maintains discretion in deciding whether to grant or deny a defendant's pre-sentence motion to withdraw a plea. *Xie*, paragraph two of the syllabus; *Spivey* at 415. As such, we will not overturn the trial court's decision on that issue unless the trial court abused its discretion. *State v. Peterseim*, 68 Ohio App.2d 211, 213-214 (8th Dist.1980). An abuse of discretion is more than an error in judgment; rather, it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶18} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea. Those factors include: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to

withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001); *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995).

{¶19} The State contended at the motion to withdraw hearing that it was concerned that Maney's motion was a tactic to later claim a violation of his statutory right to a speedy trial. (July 24, 2012 Tr. at 4). The State will not be prejudiced because of this issue at this point, however, because the statutory speedy trial provision does not apply upon remand. *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, paragraph one of the syllabus. Consequently, we find that the prejudice to the State at this point is minimal.

{¶20} Maney was represented by various court-appointed attorneys throughout the proceedings in both cases. With respect to case no. 11 CR 11239, Maney was represented by Attorney Danny A Hill, II in the municipal court proceedings; Attorney John P. Goldenetz was appointed in the common pleas court; Attorney Jeffrey J. Horvath was subsequently appointed in the common pleas court but withdrew as counsel, and Attorney Peter R. Seibel was appointed; Attorney Seibel withdrew as counsel upon Maney's request, and Maney, then,

represented himself; thereafter, Attorney Kenneth J. Rexford represented Maney for the duration of the proceedings. (Doc. Nos. 1, 5, 8, 14, 16, 21). With respect to case no. 12 CR 11316, Maney was represented first by Peter R. Seibel until March 22, 2012 when Maney executed a waiver of counsel and began representing himself; thereafter, on April 16, 2012, Attorney Kenneth Rexford represented Maney for the duration of the proceedings. (Doc. Nos. 4, 11-12). Consequently, we are persuaded that Maney had adequate representation during the proceedings.

{¶21} At the change of plea hearing, the trial court correctly advised Maney of his constitutional rights pursuant to Crim.R. 11(C)(2)(c) and further advised Maney, pursuant to Crim.R. 11(C)(2)(b), that it may enter judgment upon Maney entering his no contest plea. (May 29, 2012 Tr. at 8-12). Pursuant to Crim.R. 11(C)(2)(a), the trial court correctly advised Maney concerning the possible prison terms and the discretionary three years of post-release control ("PRC") with respect to his violation of protection order convictions in case no. 12 CR 11316. (*Id*. at 6). However, the trial court incorrectly advised Maney that he faced a potential of five years imprisonment on the domestic violence conviction in case no. 11 CR 11239, when 36 months was the maximum possible sentence under R.C. 2929.14(A)(3)(b) (as amended by H.B. 86, eff. 9/30/11). The trial court also incorrectly advised Maney that he "could be subject up to three years post release control" for this same conviction, when Maney was actually subject to a

*mandatory* three years of PRC under R.C. 2967.28(B)(3). (*Id*. at 5-6). *State v. Davenport*, 3d Dist. Nos. 4-12-05 and 4-12-06, 2012-Ohio-4013, ¶ 20; *State v. Weems*, 192 Ohio App.3d 560, 2011-Ohio-721, ¶ 22 (8th Dist.). In light of the trial court's incorrect advisement concerning the possible, maximum sentence and mandatory PRC, we cannot conclude that Maney understood the total possible sentence he was facing in both cases.

{¶22} Maney filed, through counsel, his pre-sentence motion to withdraw in trial court case no. 12 CR 11316 on July 5, 2012, which is 37 days after the change of plea hearing and 19 days before the sentencing hearing. (Doc. No. 21). Maney filed his pro se pre-sentence motion to withdraw in this case on July 21, 2012, which is 53 days after the change of plea hearing and 3 days prior to the sentencing hearing. (Doc. No. 22). In case no. 11 CR 11239, Maney filed his pro se pre-sentence motion to withdraw on July 11, 2012, which is 43 days after the change of plea hearing and 13 days prior to the sentencing hearing. (Doc. No. 28). Counsel for Maney filed a pre-sentence motion that same day as well. (Doc. No. 29). Maney's motions were filed within a reasonable time after the change of plea hearing and prior to the sentencing hearing.

{¶23} In his pre-sentence motions to withdraw, Maney argued that he agreed to plead no contest since he thought the State was going to charge him with 13 additional violations of the protective order. (Case no. 12 CR 11316, Doc. No.

22); (Case no. 11 CR 11239, Doc. No. 28). He also argued that the municipal court's protection order was not made an order of the common pleas court since he did not waive his right to a preliminary hearing. (*Id.*); (*Id.*). Maney further argued that the State inappropriately relied upon juvenile convictions, an "attempted domestic violence" charge, and other judgment entries of conviction that are not admissible into evidence to enhance his domestic violence offense to a third-degree felony. (*Id.*); (*Id.*). Maney also pointed out that the indictment charged him under the wrong subsection of the domestic violence statute. (*Id.*); (*Id.*). Significantly, Maney argued that the trial court failed to comply with Crim.R. 11(C) and erroneously notified him in its entry of conviction that the maximum possible sentence for his third-degree felony domestic violence conviction was five years, when the maximum under the "new law" is 36 months. (*Id.*); (*Id.*).

{¶24} While the trial court held a hearing on the motion, the trial court failed to consider the incorrect advisement of the maximum sentence in this case even though Maney raised this issue in his motion to withdraw. Consequently, we are not persuaded that the trial court gave its full consideration of the motion.

{¶25} Maney had not alleged actual innocence or alleged a complete defense in this case, though he did raise issues concerning the propriety of the indictment, which the prosecution admitted was incorrectly drafted, and concerns over the offenses the prosecution relied upon to elevate his convictions.

**{¶26}** Upon review of the foregoing factors and in light of the fact that pre-sentence Crim.R. 32.1 motions to withdraw should be freely and liberally granted, we conclude that the trial court abused its discretion by denying the motion. The failure of a trial court to properly inform a defendant of the maximum penalty is generally reversible error in and of itself. *State v. Caplinger*, 105 Ohio App.3d 567, 572 (4th Dist.1995), citing *State v. Gibson*, 34 Ohio App.3d 146, 146-148 (8th Dist.1986) and *State v. Calvillo*, 76 Ohio App.3d 714 (8th Dist.1991). In *State v. Durham*, the trial court, similar to the trial court herein, incorrectly advised the defendant that he faced a possible, maximum sentence of 18 months when the actual possible, maximum sentence was 12 months, and, thereafter, the trial court incorrectly sentenced the defendant to 18 months. 4th Dist. No. 99CA09, *1-2 (Apr. 27, 2000). The defendant filed a *post*-sentence Crim.R. 32.1 motion to withdraw his guilty plea, which the trial court denied. *Id*. The Court of Appeals, however, found that the defendant could not have knowingly entered his guilty plea in light of the incorrect advisement and that allowing his guilty plea to stand would be a manifest injustice. *Id*.

**{¶27}** Here, we are presented with a *pre*-sentence motion to withdraw, which is to be freely and liberally granted, in the context of an incorrect notification of the maximum, possible sentence *and* an incorrect notification of mandatory PRC. We are not persuaded that Maney knowingly and intelligently

entered his no contest pleas in this case given the trial court's incorrect notifications. Maney suffered prejudice in this case because he was, in fact, sentenced to a four-year term of imprisonment for his third-degree felony domestic violence conviction, which sentence was outside the statutory range and was, in fact, subject to mandatory PRC. R.C. 2929.14(A)(3)(b) (as amended by H.B. 86, eff. 9/30/11); R.C. 2967.28(B)(3); *Davenport*, 2012-Ohio-4013, at ¶ 20; *Weems*, 2011-Ohio-721, at ¶ 22. Given all the possible legal issues Maney raised with respect to his case, he may not have pled no contest but for the trial court's incorrect advisement that he was subject to a possible five-year term of incarceration. Had Maney been properly notified that he was subject to only three years imprisonment, he may have decided to proceed with his previously withdrawn motions and even proceeded to trial. *Calvillo* at 720-721. It is important to note that Maney filed a *pre*-sentence motion to withdraw bringing this Crim.R. 11(C)(2)(a) error to the trial court's attention, and the trial court simply disregarded this issue in making its decision. *See State v. Roberts*, 3d Dist. No. 8-98-33, *4 (Apr. 9, 1999) (Walters, J., concurring). Consequently, we must conclude that the trial court's decision constituted an abuse of its discretion.

{¶28} Maney's second assignment of error is, therefore, sustained.

**Assignment of Error No. I**

**The trial court's sentence of 4 years for violating ORC 2919.25, a felony of the 3rd degree, exceeded the maximum sentence allowed under ORC 2929.14(A)(3)(b).**

{¶29} In his first assignment of error, Maney argues that the trial court's sentence of four years on his third-degree felony conviction for domestic violence is more than the three-year maximum sentence allowed under R.C. 2929.14(A)(3)(b), as amended by H.B. 86 (eff. 9/30/11); and therefore, the trial court's sentence must be vacated as contrary to law.

{¶30} Our disposition of Maney's second assignment of error renders this issue moot, and therefore, we decline to address it further. App.R. 12(A)(1)(c).

{¶31} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his second assignment of error, we reverse the judgments of the trial court and remand for further proceedings.

*Judgments Reversed and*
*Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**