[Cite as *State v. Rickman*, 2014-Ohio-260.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 13-13-15

      v.

MARTIN RICKMAN,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 12-CR-0086

**Judgment Affirmed**

Date of Decision:    January 27, 2014

APPEARANCES:

    *Mary F. Snyder* for Appellant

    *Heather N. Jans* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Martin T. Rickman brings this appeal from the judgment of the Court of Common Pleas of Seneca County, Ohio, denying his Motion to Withdraw Guilty Plea. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On May 23, 2012, Rickman was indicted in this case, to which we will refer as case 0086, on three separate counts: (1) Having Weapons While Under Disability, a felony of the third degree; (2) Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree; and (3) Trafficking in Marijuana, a felony of the fifth degree. (R. at 2.) Attorney Bruce B. Stevens was appointed as counsel for Rickman within two days of his indictment. (Bond Tr. at 12, May 24, 2012; R. at 7.) Rickman entered a plea of not guilty and the matter proceeded to trial.

{¶3} On November 8, 2012, Rickman appeared in open court with his attorney for the jury trial. (Jury Trial and Plea Guilty Tr. at 6, Nov. 8, 2012; R. at 29.) After the jury had been selected and seated, the trial court was advised that Rickman had just been served with two other matters in the same court and that he wanted to plead guilty in all three cases. (*Id.* at 74.) For the purpose of clarity, we will refer to the other two cases by numbers, 0235 and 0237. The court stated on the record, "Since we're in the middle of a jury trial, I guess I'm more comfortable

with the plea of guilty to this particular case [0086], but the record would reflect a joint recommendation of all the cases. * * * we would get back together for the plea of guilty on those tomorrow." (*Id.*)

{¶4} The court proceeded to a Crim.R. 11 hearing outside the presence of the jury in the case 0086. (*Id.* at 76.) Rickman attested that he was satisfied with his attorney and the State issued a joint recommendation for sentences in all three cases. (*Id.* at 76-79.) Prior to pleading guilty, Rickman had a discussion on the record with the trial court in which he expressed that he could not trust anybody and complained about the charges against him. (*Id.* at 80-83.) Eventually, Rickman stated, "trial crazy. You never can know, but you're fair. You're fair as a mug. * * * I'll take it, your Honor." (*Id.* at 83.) Before accepting the plea, the court deemed Rickman competent and informed him of the maximum penalties and the post release control sanctions. (*Id.* at 76-77, 79-80, 84-90.) After further explaining Rickman's rights, the judge asked Rickman what his plea was for the three counts in case 0086. (Tr. at 84-92.) Rickman responded "No contest," even though no such plea had been negotiated. (*Id.* at 91.) After consulting with his attorney, however, Rickman stated that his plea was "Guilty" and confirmed that he voluntarily admitted the allegations in each count of the Indictment. (*Id.* at 91-92.) The judge accepted Rickman's plea of guilty in case 0086 and requested the parties to return the next day for the resolution of the remaining matters. (*Id.* at

92.) There were no discussions regarding sentencing at this time,[1] but upon attorney Stevens's request, the court ordered a presentence investigation report. (*Id.*)

{¶5} On the next day, November 9, 2012, Rickman appeared before the court with attorney Stevens for a hearing in the remaining two cases, 0235 and 0237. (Cont. Pleas Guilty Tr. at 2, Nov. 9, 2012.) The following discussions took place:

> Mr. Stevens: After some extensive discussions with my client, it's my understanding that he does want to plead to the other --
>
> Mr. Rickman: I don't want to --

(*Id.* at 2.) In response to the court's question whether Rickman wanted to withdraw his request for a presentence investigation and proceed with sentencing, Rickman stated "I really didn't but it's like I got coerced because I think --." (*Id.* at 3.) Following these statements, the court refused to proceed with the guilty plea on cases 0235 and 0237. (*Id.* at 3-4.) The court also suggested that Rickman could withdraw the plea he entered on the previous day in case 0086, to which Rickman responded, "Oh, yeah. Yeah, yeah." (*Id.* at 4.) The court explained the procedure for withdrawing the guilty plea. (*Id.* at 5.) After further discussions, during which the court assured that Rickman was "not making [the court] mad,"

---

[1] During a hearing on Motion to Modify Bond the State explained that the joint recommendation included resolution of all three cases, but upon Rickman deciding not to enter a guilty plea to cases 0235 and 0237, the State was not required to follow those recommendations and therefore, case 0086 would be subject to an open sentencing.

Rickman declared, "So I'm gonna take -- I'm gonna take -- I was saying I'm gonna take the deal. I'm gonna take the deal." (*Id.* at 7.) The court refused to accept the plea to cases 0235 and 0237 at that time. (*Id.*)

{¶6} Rickman next appeared in court on November 19, 2012, for arraignment in cases 0235 and 0237, with attorney Stevens. (Cont. Arraignment and Mot. Remove Att'y Tr. at 2, Nov. 19, 2012.) When asked whether he was satisfied with his attorney, Rickman responded that he would like Stevens removed from all his cases due to the fact that his family retained attorney Philip Carlile, from Toledo, to represent him. (*Id.* at 3-4.) The trial court informed attorney Stevens that he was no longer responsible for representing Rickman and continued the arraignment in order to contact attorney Carlile. (*Id.*) Rickman also stated that he felt his rights had been violated and that he wanted to withdraw his guilty plea. (*Id.* at 4-5.) The court advised Rickman that attorney Carlile would be able to take care of his request to withdraw the guilty plea. (*Id.* at 5.)

{¶7} It appears from the record that attorney Carlile never entered the representation for Rickman and on December 5, 2012, the trial court appointed Merle R. Dech, Jr. as Rickman's new counsel, "to represent the defendant in this matter, and for purposes of filing an appropriate motion to withdraw guilty plea." (R. at 30.) There are no indications in the record that any proceedings in this case took place between December 5, 2012 and February 15, 2013.

{¶8} On February 15, 2013, through his new attorney, Rickman filed a motion to withdraw the guilty plea that he entered past November in case 0086. (R. at 33.) In support of his motion, Rickman asserted that there existed factors in favor of allowing him to withdraw his plea and requested a hearing in this matter. (R. at 33.) The hearing on the Motion took place on March 11, 2013. At the beginning of the hearing, Rickman said, "I made my own statement just because of simple fact that I know I withdrew my guilty plea." (Mot. Withdraw Guilty Plea Tr. at 4-5, Mar. 11, 2013.) Rickman then had his attorney read a statement in which Rickman complained about his rights to speedy trial[2] and due process being violated and claiming that "whatever is going on right now in this courtroom with these bogus charges are violating my rights." (*Id.* at 6.)

{¶9} Rickman's counsel argued in support of the motion to withdraw, claiming that there was an absolute defense in this case because of a witness who would testify about the gun ownership and because of Rickman's continuous denial that he had anything to do with this gun. (*Id.* at 8-9.) He further asserted that Rickman did not have appropriate representation prior to entering the plea. (*Id.* at 8, 14.)

{¶10} The State argued against Rickman's motion, stating that "it would be significantly detrimental to the State to continue this case for trial" because a lay

---

[2] Rickman executed a waiver of the right to a speedy trial on September 26, 2012, and no part of that waiver is challenged here. (*See* R. at 19.)

witness in this case was "heading towards his death" due to various medical issues. (*Id.* at 10.) The State further contended that Rickman's claim of defense had not been brought to the court's attention before and that the ownership of the gun was irrelevant to the claim of possession. (*Id.* at 11-12.)

{¶11} The trial court denied Rickman's Motion to Withdraw Guilty Plea in its written Judgment Entry issued on March 15, 2013. (R. at 37.) In its written decision, the trial court analyzed nine factors relevant to whether the motion should be granted and ultimately determined that Rickman presented "no reasonable and legitimate basis for the withdrawal of the guilty plea." (R. at 37.) Following his sentencing, Rickman timely filed the instant appeal alleging one assignment of error.

## Assignment of error

**The trial court abused its discretion in denying the Defendant's (Presentence) Motion to Withdraw Guilty Plea.**

### *Standard of Review*

{¶12} Demanding that we overrule the trial court's decision, Rickman relies on the general rule that requires motions to withdraw guilty plea to be freely granted if they are made before sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Rickman argues that "his constitutional rights to have his guilt proven beyond a reasonable doubt" will be violated if he is not allowed to withdraw his guilty plea. (App't Br. at 11.) Nevertheless, the Ohio Supreme

Court held that under Crim.R. 32.1 "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie*, 62 Ohio St.3d 521, at paragraph one of the syllabus. Instead, it is within the sound discretion of the trial court to determine, upon a hearing, "whether there is a reasonable *and* legitimate basis" for the pre-sentencing withdrawal of the plea. (Emphasis added.) *Id.* at paragraphs one and two of the syllabus. Accordingly, our review of the trial court's judgment in this case is under an abuse of discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32; *State v. Maney*, 2013-Ohio-2261, 993 N.E.2d 422, ¶ 17 (3d Dist.).

{¶13} Because "[a]n abuse of discretion is more than an error in judgment," we will not substitute our judgment for that of the trial court, and will only reverse the trial court's decision if it was "unreasonable, arbitrary, or unconscionable." *Maney*, 2013-Ohio-2261, at ¶ 17, citing *State v. Adams,* 62 Ohio St.2d 151, 157–158, 404 N.E.2d 144 (1980); *State v. Liles*, 3d Dist. Allen No. 1-10-28, 2010-Ohio-5799, ¶ 17, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Under this standard, the appellate courts in Ohio look at the following, nonexclusive, list of factors in their review of the trial court's decision on a motion to withdraw a plea:

> (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave

> full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*Maney*, 2013-Ohio-2261, at ¶ 18, citing *State v. Griffin,* 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001), and *State v. Fish,* 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *Liles*, 2010-Ohio-5799, at ¶ 16. None of the factors is determinative on its own and there may be numerous additional aspects "weighed" in each case. *Griffin*, 141 Ohio App.3d at 554; *accord Fish*, 104 Ohio App.3d at 240. Therefore, we look at the totality of the circumstances presented in this case in arriving at our decision today.

*Analysis*

{¶14} The trial court in this case relied on the factors quoted above in its determination whether to grant Rickman's motion to withdraw. (*See* R. at 38, J. Entry, Mar. 15, 2013 (analyzing factors 1-4 and 6-9).) Rickman avers that the trial court improperly analyzed those factors, which resulted in an abuse of discretion and therefore, the trial court's judgment should be reversed. (App't Br. at 11.) Although, under the abuse of discretion standard, we will not review de novo the trial court's decision (*see Xie*, 62 Ohio St.3d at 527), we will address Rickman's argument that the trial court gave insufficient weight to the timeliness of his

motion and to his claim of defense, while giving too much weight to the alleged prejudice to the prosecution. (*See* App't Br. at 4.)

**{¶15}** With regard to the first factor from the nine-factor standard quoted above, prejudice to the prosecution, Rickman points to the fact that within eleven days after entering his guilty plea, he proclaimed in open court that he wanted to withdraw his plea of guilty. Accordingly, Rickman claims that his later request to withdraw the plea of guilty did not prejudice the State in prosecuting its case because the State was on notice of his intention three months earlier. The trial court acknowledged the State's claim of the declining health of its important lay witness, and the fact that due to Rickman's guilty plea, the jury and many other State's witnesses had been released. But the trial court did not expressly find prejudice to the prosecution or give it significant weight in its holding on Rickman's motion. (R. at 38.)

**{¶16}** We note that the State did not proffer any evidence in support of its claim that a witness was "heading towards his death." Further, there was no evidence to indicate how important that witness was to the State's case. Nevertheless, even were we to accept Rickman's assertion that the State was not prejudiced, "the mere lack of prejudice does not mandate plea withdrawal." *State v. Moore*, 2013-Ohio-1435, 990 N.E.2d 625, ¶ 85 (7th Dist.)*, appeal not accepted*, 136 Ohio St.3d 1453, 2013-Ohio-3210, 991 N.E.2d 258. Therefore, even if the

trial court had found no prejudice to the prosecution, this fact, alone, would not have been determinative of the issue at hand.

{¶17} As to the timing of the motion (factor 6), the trial court recognized that, even though the motion was made over three months after the plea of guilty, it was made prior to sentencing. The court further noted that Rickman first indicated his intention to withdraw the plea shortly after it was entered and that Rickman pointed to circumstances excusing the delay in filing the motion. Timeliness of the motion is one of many factors to be considered in deciding a motion to withdraw guilty plea and, depending on the circumstances of each case, it may be given different weight. *Francis*, 2004-Ohio-6894, at ¶ 40-42. The trial court did not indicate how much weight it gave to the timeliness or untimeliness of Rickman's motion and Rickman does not point to circumstances or authority that would mandate granting his motion based solely on the fact that it was not untimely.

{¶18} For factor 7, Rickman's reason for the motion was his claim that he was not guilty and he believed that he had a complete defense to the charges (factor 9), in spite of pleading guilty to them. The trial court noted that "the record is silent as to any facts which may support his assertion." (R. at 38.) Indeed, besides the bare claims that the drugs and gun did not belong to Rickman, the Appellant's Brief or the record do not show anything that would validate his claim

of defense. Rickman did not call any witnesses or present any evidence in support of his innocence, although he did claim, five and a half months prior to entering his guilty plea, that the gun and the drugs were not his and that the gun belonged to "some guy name Mark Moze--Moseman." (Bond Hearing Tr. at 3-5.) His claim made at the motion hearing that he had a witness to testify in his defense as to the weapon-related charges was also unsupported.

{¶19} We have previously held that "bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." *State v. Broderdorp*, 3d Dist. Seneca No. 13-11-11, 2011-Ohio-4894, ¶24, *appeal not accepted*, 131 Ohio St.3d 1457, 2012-Ohio-648, 961 N.E.2d 1136, quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001), *and State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 WL 42253, at *1 (Apr. 27, 1989). This case was ready to proceed to trial and as such, all evidence revealed in the discovery was available to Rickman to present at his motion hearing. Due to Rickman's failure to support his assertions with any evidence, the trial court found that his claims of innocence, alone, were insufficient to permit withdrawal of a guilty plea. (R. at 38, citing *State v. Baker*, 9th Dist. Summit No. 25024, 2010-Ohio-4329, ¶ 3 ("The defendant, * * * has the burden of demonstrating a reasonable and legitimate basis for withdrawing his plea.").) We further note that Rickman's claims of defense or innocence focused

on the *ownership* of the weapon and the drugs, which has no bearing on the defense in the claims of having weapons while under disability, improperly handling firearms in a motor vehicle, and trafficking in marijuana. *See* R.C. 2923.13 (prohibiting acquiring, having, caring, or using any firearm or dangerous ordnance); R.C. 2923.16(B) (prohibiting transporting or having a loaded firearm in a motor vehicle "in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle"); R.C. 2925.03(A)(2) (prohibiting preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing "a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person").

{¶20} Rickman does not allege on appeal that any of the other factors weighed towards granting his motion to withdraw; nor do we find that the trial court's analysis of them was flawed. With respect to factor 2, representation afforded to the defendant, the trial court noted that Rickman was represented by counsel and at all times had the opportunity to discuss the charges, consequences, defenses, and strategies with his counsel. Furthermore, Rickman had confirmed on the record that he was satisfied with his representation in this case. The trial court then looked back at the Crim.R. 11 hearing, during which Rickman changed

his plea to guilty, and concluded that the hearing was "extensive" and "meticulous," thus satisfying factor 3. (R. at 38.) Likewise, the trial court did not find any defects in Rickman's knowledge of the nature of the charges to which he pled guilty and of the potential penalties that he could face (factor 8).

{¶21} We further recognize that the trial court conducted a hearing on Rickman's motion to withdraw, during which both parties had the opportunity to speak and present their evidence (factor 4). Subsequent to that hearing, the trial court gave full and fair consideration of the motion, explaining its reasoning in a seven-page opinion that addressed the specific circumstances of the case (factor 5).

{¶22} We note that the trial court did not point to one factor in particular that significantly influenced its decision; rather, it looked at the totality of the circumstances in its finding that "no reasonable and legitimate basis for the withdrawal of the guilty plea was presented in this case" by Rickman. (R. at 38.) We defer to the judgment of the trial court, in this respect because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court" and because the trial court's conclusion was not unreasonable or arbitrary. *Xie*, 62 Ohio St.3d at 525, quoting *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶23} Accordingly, after reviewing the record before us, we cannot conclude that the trial court's attitude in arriving at its decision was so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion. Based upon the foregoing, we hold that the trial court did not abuse its discretion when it denied Rickman's Motion to Withdraw Guilty Plea. For that reason, Appellant's assignment of error is overruled.

{¶24} Having found no error prejudicial to Appellant, in the particulars assigned and argued, we affirm the judgment of the Court of Common Pleas of Seneca County.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**