DECISION AND JUDGMENT ENTRY
{¶ 1} Mujahid Warith appeals his guilty plea to escape from the Lucas County Court of Common Pleas. Because we conclude that appellant's case presents no arguable issues meriting review, his appeal is determined to be without merit and wholly frivolous. We, therefore, affirm his guilty plea and grant his appellate counsel's motion to withdraw.
 {¶ 2} Mujahid Warith was indicted on one count of escape, a violation of R.C. 2921.34(A)(1) and (C)(2)(c)(i). At a hearing held on June 17, 2002, Warith entered a guilty plea to escape following a colloquy with the trial judge. Warith admitted that on April 25, 2002, he left the work release program he was sentenced to as a result of a misdemeanor traffic infraction from the Sylvania Municipal Court. Warith stated he did this because he was informed that he had violated a temporary protection order when he saw his wife and children. He also stated that he became "distraught" because he knew that by violating the protection order he was going to be sent to the Corrections Center of Northwest Ohio. Warith also told the court that he escaped from work release purposefully, and he knew that he was serving a term of intermittent confinement. Ultimately, he turned himself in on May 11, 2002. Following these admissions, the trial court accepted his guilty plea.
 {¶ 3} At the sentencing hearing on July 11, 2002, the prosecution recommended that Warith serve a six month sentence of incarceration for his escape, according to its agreement with the defense. The trial court then informed both parties that the recommendation by the prosecution was not binding on it. Both sides, including Warith personally, stated they understood the non-binding nature of the prosecution's request. Warith was then sentenced to ten months of incarceration.
 {¶ 4} On appeal, Warith's appellate counsel filed an Anders brief, according to Anders v. California (1967), 386 U.S.738, stating that there were no arguable issues on appeal along with a motion to withdraw as counsel. In Anders, the United States Supreme Court established five criteria which must be met before a court may grant appellate counsel's motion to withdraw. Id. at 744. The five criteria are: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel;
 {¶ 5} (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744. All five criteria have been met in this case. See also, State v. Artiaga, 6th Dist. No. L-02-1021, 2003-Ohio-2357, at ¶ 5.
 {¶ 6} Appellate counsel argues as the sole potential assignment of error that: "The trial court erred when it sentenced defendant appellant to the period of incarceration for a fifth degree felony." The argument, as appellate counsel concedes, is without merit.
 {¶ 7} We note that the trial court went to great lengths during its Crim.R. 11 hearing with Warith to make sure he completely understood the implications of entering a guilty plea. The trial court, in fact, held two Crim.R. 11 hearings. At the first hearing, Warith did not seem fully aware of the implications of his plea of guilty, so the judge did not accept his plea and set another hearing four days later. At that later hearing, the trial court painstakingly addressed all of the requirements of Crim.R. 11(C)(2), and Warith entered a guilty plea to escape. A pre-sentence report was ordered and the sentencing hearing was set for July 11, 2002. At the sentencing hearing, the trial court heard both recommendations from both the prosecution and the defense and considered Warith's statement. The court then sentenced Warith to ten months in prison after making the proper findings under R.C. 2929.11, 2929.12,2929.13, and 2929.14. These proper findings were echoed in the trial court's judgment entry.
 {¶ 8} It is well-settled that "[w]hen the trial court substantially complies with Crim.R. 11(C), the sentence that it imposes is within its discretion." State v. Acoff (1992), 80 Ohio App.3d 765, 767. Upon a thorough review of the record, we conclude that the trial court substantially complied with Crim.R. 11(C) before sentencing Warith. Moreover, where a court forewarns a defendant that it is not bound by any recommendation made by the state in sentencing the defendant, a court does not abuse its discretion by failing to follow that recommendation.State v. Darmour (1987), 38 Ohio App.3d 160, 161. In the present case, before accepting the plea, the trial court warned Warith that it was not bound to follow the state's sentencing recommendation. See, State v.Rodgers (Feb. 11, 2000), 6th Dist. No. L-99-1091. The trial court did not err when it sentenced Warith to a prison term, especially since he had previously been incarcerated and had committed this escape while under community control.
 {¶ 9} We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
KNEPPER and Singer, JJ., concur.