OPINION
{¶ 1} On January 7, 2005, appellant, Troy Davis, Jr., was cited for driving under FRA suspension in violation of R.C. 4510.16 and speeding in violation of R.C. 4511.21. A bench trial was held on February 1, 2005. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, suspended on conditions, and ordered him to pay court costs. Also, appellant's driver's license was suspended for thirty days.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE COURT ERRED WHEN IT PROCEEDED TO HEAR AND RULE IN A CRIMINAL CASE WITHOUT A PROPERLY SWORN COMPLAINT/AFFIDAVIT, (PRIMA FACIA EVIDENT FROM THE FACE OF THE UTC/COMPLAINT/AFFIDAVIT)."
 II {¶ 4} "THE COURT ERRED WHEN IT PROCEEDED TO HEAR AND RULE AGAINST ACCUSED/DEFENDANT/APPELANT (SIC) WITHOUT SUBJECT-MATTER JURISDICTION (PRIMA FACIA EVIDENT FROM THE FACE OF THE IMPROPERLY SWORN UTC/COMPLAINT/AFFIDAVIT)."
 III {¶ 5} "THE COURT ERRED WHEN IT FAILED TO LAWFULY (SIC) ANSWER ACCUSED'S 20 UNDISPUTED FACTS IN HIS SWORN MOTION TO DISMISS FOR WANT OF JUDICIAL PROCESS IN THE INSTANT MATTER."
 IV {¶ 6} "THE COURT ERRED WHEN IT OVERRULED (WITH NO EXPLINATION [SIC]) ACCUSED/DEFENDANT/APPELLANT'S SWORN MOTION TO DISMISS FOR WANT OF JUDICIAL PROCESS IN THE INSTANT MATTER, THE COURT ABRIGED (SIC) DEFENDANT'S RIGHT TO DUE PROCESS."
 {¶ 7} On July 11, 2005, appellant filed a response to "appellee's brief to dismiss appeal" which was in response to the state's brief wherein the state argued appellant's brief failed to conform to App. R. 12(A)(2), App. R. 16(A)(7) and App. R. 19(A). In his response, appellant sets forth arguments not assigned as error in his appellate brief. Because these arguments and "averments" were not included in appellant's brief, we decline to address them.
 {¶ 8} The state's motion to dismiss for failure to follow the appellate rules of procedure is denied. We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. DeHart v. Aetna Life Ins.Co. (1982), 69 Ohio St.2d 189.
 I, II {¶ 9} In these assignments, appellant challenges the trial court's jurisdiction. The arguments are predicated on the fact that the Uniform Traffic Ticket herein was not a sworn complaint. Specifically, appellant argues Crim. R. 3 governs the filing of complaints in traffic cases, not the Ohio Uniform Traffic Rules. We disagree.
 {¶ 10} In response to these assignments, we quote from this court's decision in State v. Davis, III, Stark App. No. 2004CA00202, 2005-Ohio-494, ¶ 53:
 {¶ 11} "It is true that Criminal Rule 3 requires a sworn affidavit. However, Criminal Rule 3 does not apply to the instant case. Criminal Rule 1(C) (3) excludes from the application of the Criminal Rules all cases covered by the Ohio Uniform Traffic Rules. Such is the case here. Traffic Rule 3 (not Criminal Rule 3) specifies the necessary procedures for the issuance of the traffic ticket. The rule provides that "(a) law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon the defendant and, without unnecessary delay, file the court copy with the court." (The rule provides further that when an officer writes a ticket at the scene of an alleged offense, he shall not be required to rewrite the complaint in order to file it unless the original is illegible.) It does not require that the officer swear to the veracity of the complaint before an appropriate authority. However, all Ohio Uniform Traffic Tickets are subject to the following caveat: "The issuing-charging law enforcement officer states under the penalties of perjury and falsification that he has read the above complaint and that it is true." Thus, all law enforcement officers continue to attest to the accuracy of the ticket to protect the interests of the motorists. See 2 Shroeder-Katz, Ohio Criminal Law and Practice 516 (1974). Cleveland v. Austin (1978),55 Ohio App.2d 215, 222-223, 380 N.E.2d 1357, 1363-1364; White v.State, 5th Dist. No. 2003CA00101, 2003-Ohio-5169 at ¶ 10."
 {¶ 12} Assignments of Error I and II are denied.
 III, IV {¶ 13} In these assignments, appellant claims the trial court erred in denying his motion to dismiss. We disagree.
 {¶ 14} "A motion to dismiss filed pursuant to Crim. R. 12 tests the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state."Davis, III, supra at ¶ 36, citing State v. Patterson (1989),63 Ohio App.3d 91. In its decision on the motion to dismiss, a trial court is limited to determining whether the language within the charging document alleges the offense, in this case failing to obey traffic laws.State v. Riley, Butler App. No. CA2001-04-095, 2001-Ohio-8618, citingState v. Heebsh (1992), 85 Ohio App.3d 551.
 {¶ 15} Appellant's motion to dismiss centered on the argument that the trial court lacked subject matter jurisdiction because a complaint was not sworn pursuant to Crim. R. 3. Based upon our decision in Assignments of Error I and II on the applicability of Crim. R. 3, we find the trial court was correct in denying the motion. Appellant's self-serving rhetoric in ¶ 17 of the motion is improper and not in accordance with the procedural law of this state.
 {¶ 16} Assignments of Error III and IV are denied.
 {¶ 17} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.