[Cite as *State v. Pudder*, 2014-Ohio-68.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0045** |
| TRENTON D. PUDDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0873.

Judgment:  Sentence vacated, and judgment reversed and remanded.


*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266  (For Plaintiff-Appellee).

*Neil P. Agarwal,* 3766 Fishcreek Road, #289, Stow, OH  44224  (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1}   Trenton D. Pudder appeals from the judgment entry of the Portage County Court of Common Pleas sentencing him to prison for gross sexual imposition. Principally, Mr. Pudder asserts the trial court erred by not granting his presentence motion to withdraw a plea of guilty to that crime.  We vacate his sentence, and reverse and remand.

{¶2} December 21, 2012, a secret indictment from the Portage County Grand Jury was filed against Mr. Pudder, charging him with one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2). The rape allegedly occurred November 20, 2012, or November 21, 2012. Mr. Pudder was arraigned December 24, 2012, and entered a plea of not guilty. Being indigent, the trial court appointed Mr. Pudder counsel. February 13, 2013, a change of plea hearing was held before the trial court. The state amended the indictment to a single count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(2), to which Mr. Pudder entered a guilty plea. The trial court accepted the plea, and ordered preparation of a presentence report. The judgment entry on the change of plea was filed the next day.

{¶3} April 10, 2013, Mr. Pudder moved the trial court to withdraw his plea, pursuant to Crim.R. 32.1, alleging he had discovered exculpatory witnesses, who could not be found previously. Hearing was held April 22, 2013. Mr. Pudder testified on his own behalf. It appears that the charge against him stemmed from an incident at a party. Mr. Pudder testified he did not even know the name of the complainant until meeting with his attorney before the change of plea hearing. He testified that, since that hearing, two other girls at the party had contacted him, offering to testify in his favor, Desiree and Katie. He testified that, at the time of the change of plea hearing, he thought one of these girls, Desiree, was in Florida. Mr. Pudder admitted he could not detail the testimony these girls would give, but was emphatic it would support his contention he had not committed any sexual assault. He admitted that he changed his plea because he was scared, and tired of being in jail, and hoped for community control sanctions. Nevertheless, he denied that his motion to withdraw stemmed from a change in heart,

2

but was premised on the belief that, before the change of plea hearing, he had nobody to testify on his behalf, whereas now, he knew he did.

{¶4} The state noted that Desiree's full name was contained in the police report, submitted to Mr. Pudder's counsel in discovery.

{¶5} The trial court denied the motion to withdraw. Sentencing hearing went forward April 29, 2013. By a judgment entry filed the next day, the trial court sentenced Mr. Pudder to 30 months imprisonment; imposed a $500 fine, court costs, and other fees; and designated him a Tier I sex offender.[1] This appeal timely ensued, Mr. Pudder assigning six errors:

{¶6} "[1.] The Trial Court committed reversible and plain error in denying Pudder's pre-sentence motion to withdraw his guilty plea.

{¶7} "[2.] The Trial Court committed reversible and plain error in imposing court costs against Pudder without complying with R.C. 2947.23(A)(1)(a).

{¶8} "[3.] The Trial Court committed reversible and plain error by ordering Pudder to pay an 'assessment and recoupment fee.

{¶9} "[4.] The Trial Court committed reversible error in assessing fines, assessment and recoupment fee, and court costs without any regard to Pudder's ability to pay said fines and costs.

{¶10} "[5.] The Trial Court committed reversible and plain error when it ordered Pudder to have 'no contact' with the complaining witness.

{¶11} "[6.] Pudder was denied his constitutional right to effective assistance of counsel at trial when his trial counsel failed to argue that the Trial Court's order of having 'no contact' with the complaining witness was unlawful."

---

1. The trial court filed a nunc pro tunc judgment entry of sentence May 14, 2013.

3

{¶12} "Crim.R. 32.1 governs the withdrawal of a guilty plea prior to sentencing and provides: '(a) motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' 'However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea.' *State v. Xie,* 62 Ohio St.3d 521, 526, * * * (1992).'

{¶13} "A motion to withdraw a guilty plea filed before sentencing should be freely and liberally granted. *Xie* at 526. However, there is no absolute right to withdraw a guilty plea. *Id.* 'Appellate review of a trial court's denial of a motion to withdraw is limited to a determination of abuse of discretion, regardless whether the motion to withdraw is filed before or after sentencing.' *State v. Peterseim,* 68 Ohio App.2d 211, * * *, paragraph two of the syllabus (8th Dist. 1980)." (Parallel citations omitted.) *State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶9-10.

{¶14} The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

{¶15} When evaluating motions to withdraw guilty pleas, this court has traditionally applied the four part test formulated by the Eighth District Court of Appeals in *Peterseim*, at paragraph three of the syllabus:

{¶16} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."

{¶17} *Peterseim* does not provide the exclusive test whereby appellate courts evaluate presentence motions to withdraw guilty pleas. The Third Appellate District recently summarized the other test current in Ohio:

{¶18} "We consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea. Those factors include: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Griffin,* 141 Ohio App.3d 551, 554, * * * (7th Dist.2001); *State v. Fish,* 104 Ohio App.3d

5

236, 240, * * * (1st Dist.1995)." *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16 and 4-12-17, 2013-Ohio-2261, ¶18. (Parallel citations omitted.)

{¶19} In support of his first assignment of error, Mr. Pudder only argues the *Peterseim* test in his brief, in deference to our precedent, but urges us to adopt the *Maney* test. We shall analyze his case under each standard.

{¶20} Mr. Pudder does not argue the first and second *Peterseim* factors. Rather, he contends that under the third and fourth factors, he presented evidence that his decision to withdraw his plea of guilty was premised on the newly discovered witnesses, who gave him hope of maintaining a defense, and that the trial court abused its discretion in failing to account for this evidence.

{¶21} In *Field*, 2012-Ohio-5221, at ¶20, this court held that failure by a defendant to present evidence of an alleged defense supports a trial court's denial of a motion to withdraw a guilty plea under the third and fourth *Peterseim* factors. The converse is true, as well: presentation of evidence supporting a defense inclines the analysis in favor of withdrawal. The factors in this case indicate the trial court abused its discretion in failing to grant Mr. Pudder's motion to withdraw his plea. Such motions, made presentencing, are to be granted freely and liberally. *Xie*, 62 Ohio St.3d at 526. Further, "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982). The rule announced in *DeHart* is fully applicable in criminal cases, as well. *See, e.g.*, *State v. Davis*, 5th Dist. Stark No. 2005CA00061, 2005-Ohio-4845, ¶8; *State v. Young*, 6th Dist. Erie No. E-95-026, 1995 Ohio App. LEXIS 4216, *5 (Sept. 29, 1995).

**{¶22}** Thus, under *Peterseim*, the motion to withdraw should have been granted.

**{¶23}** Application of the *Maney* factors leads to the same conclusion. We also note that *Maney* appears to be a more detailed and specific list of factors that could also be incorporated under the third and fourth *Peterseim* factors and are therefore not inconsistent with the *Peterseim* test. Factors militating against grant of the motion include the able representation of counsel; the fullness of the Crim.R. 11 hearing, and that on the motion to withdraw; and the fact Mr. Pudder appears to have understood the nature of the charge to which he was pleading, and the potential sentence, at the time he entered his plea of guilty. All of the other *Maney* factors support a grant of the motion. Nothing in the record indicates the prosecution would be prejudiced if the plea was withdrawn. The motion was made within a reasonable time. The testimony of the two young women who contacted Mr. Pudder might convince a jury he was not guilty of any sexual assault. The trial court's summary conclusion from the bench that Mr. Pudder could have informed his counsel at any time of the existence of these witnesses, and that the motion would be denied, does not indicate that full and fair consideration was given to the motion.

**{¶24}** The first assignment of error has merit.

**{¶25}** We decline to reach the remaining assignments of error, finding them moot. App.R. 12(A)(1)(c).

7

{¶26} Mr. Pudder's sentence is vacated, and the judgment of the Portage County Court of Common Pleas is reversed, this matter being remanded for further proceedings not inconsistent with this opinion. It is the further order of this court that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

THOMAS R. WRIGHT, J., concurs,

CYNTHIA WESTCOTT RICE, J., concurs in judgment only.