[Cite as *State v. Dean*, 2016-Ohio-8422.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0136** |
| JASON PHILLIP DEAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2015 CR 00239.

Judgment: Affirmed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Jason Phillip Dean, appeals from the December 2, 2015 entry of the Trumbull County Court of Common Pleas sentencing him to eighteen months in prison for one count of Domestic Violence. For the following reasons, the trial court's judgment is affirmed and remanded.

{¶2}   On March 18, 2015, a complaint was filed against appellant in the Newton Falls Municipal Court, alleging two counts of Domestic Violence, felonies of the fourth

degree, in violation of R.C. 2919.25(A) & (D)(1)(3). The matter was bound over to the Trumbull County Court of Common Pleas. On May 22, 2015, appellant was indicted by the Grand Jury on one count of Domestic Violence, a felony of the third degree, in violation of R.C. 2929.25(A) & (D)(1)(4). The indictment stated appellant knowingly caused or attempted to cause physical harm to a family or household member. The victim was appellant's girlfriend, with whom he lived. The indictment also provided that appellant had previously pled guilty to or been convicted of two or more offenses of domestic violence and listed the case number and jurisdiction of each.

{¶3} Appellant initially entered a plea of not guilty and was released on a personal recognizance bond. Appellant subsequently entered into a plea agreement with appellee, the state of Ohio, on one amended count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2929.25(A) & (D)(1)(3). The signed plea agreement provides that appellant understood he could receive anywhere from six to eighteen months in prison and up to a $5000 fine. Appellant acknowledged that prison was not presumed necessary and was not mandatory, and he was eligible for probation or community control sanctions. The agreement advised that post-release control was optional, up to a maximum of three years, upon release from prison. Finally, the agreement stated, "[t]he underlying agreement upon which this plea is based is as follows: **Defendant waives a Pre-Sentence Investigation. The State and Defendant agree to a jointly recommended prison sentence of 6 months.**" (Emphasis sic.)

{¶4} A plea hearing was held on October 8, 2015, at the conclusion of which the trial court stated, "[a] presentence investigation is to be completed. Sentencing will be scheduled for January 7th." On November 4, 2015, appellant, through counsel, filed

2

a motion to withdraw his guilty plea. He attached a signed and witnessed exhibit to his motion, which provided the following explanation for the motion:

> Within the Plea Bargain, I was agreeing to accept a six (6) month sentence and waive a P.S.I. (Pre-Sentence Investigation), to which my sentencing would be held on or after January 1, 2016 so I may enjoy the holiday season with my family and friends.
>
> However, while in Court on the aforementioned date, [the judge] Ordered that I undergo a P.S.I., even though that was not part of the Plea Bargain.
>
> As a result, I, Jason Dean, now wish to withdraw my Plea Bargain and have my herein case proceed to a Jury Trial. By doing this, I acknowledge and agree to the following:
>
> 1. Any and all deal(s), Plea Bargain(s), offer(s) and/or sentencing reduction options are hereby null and void.
>
> 2. Any and all Jury Trial costs shall be my sole responsibility, as the Court may order, and attached to my herein case as "Court Costs."
>
> 3. My sentencing date shall be at the Court's discretion, with no guarantee of sentencing being held on or after January 1, 2016.
>
> 4. I understand that the Court might reject my "Motion to Withdraw Plea" and proceed with the Plea Bargain and P.S.I. as previously Ordered on or about Thursday, October 8, 2015.

{¶5} On November 19, 2015, the trial court held a hearing, at which it orally overruled appellant's motion to withdraw his guilty plea. The trial court then ordered appellant into custody for failing to appear for his presentence investigation and set the matter for sentencing once the presentence investigation was complete.

{¶6} Later that afternoon, the trial court held the sentencing hearing. The court stated it had received a copy of appellant's criminal record from the probation department and did not need the rest of the PSI to proceed. In his statement to the court, appellant restated his desire to withdraw his guilty plea and advance to a jury trial. The prosecutor and defense counsel reiterated the agreed recommendation of six

3

months in prison. The trial court made the requisite findings, advised appellant of optional post-release control up to a maximum of three years, and sentenced appellant to the maximum prison term of eighteen months.

{¶7} Appellant filed a notice of appeal from the sentencing entry and asserts one assignment of error for our review:

{¶8} "The trial court erred and abused its discretion by denying the appellant's pre-sentencing motion to withdraw his guilty plea."

{¶9} Appellant argues the trial court abused its discretion in denying his motion to withdraw his guilty plea because it was not entered voluntarily, knowingly, and intelligently. Specifically, appellant maintains his plea was constitutionally deficient because he would not have pled guilty had he known the trial court could order a PSI despite the fact that he waived a PSI in the plea agreement.

{¶10} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Motions to withdraw guilty pleas prior to sentencing are to be allowed freely and liberally. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). The right to withdraw a plea is not, however, absolute. *State v. Prinkey*, 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶5, citing *Xie*, *supra*, at paragraph one of the syllabus.

> [T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. After considering the basis of the motion, the trial court's decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.

4

*State v. Ziefle*, 11th Dist. Ashtabula No. 2007-A-0019, 2007-Ohio-5621, ¶9 (citations omitted).

**{¶11}** An appellate court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. *Prinkey*, *supra*, at ¶7 (citation omitted). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶12}** In evaluating whether a trial court properly exercised its discretion in ruling on a pre-sentence motion to withdraw a guilty plea, this court applies the four-factor test pronounced in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980). *See, e.g., State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶11; *State v. Johnson*, 11th Dist. Lake No. 2007-L-195, 2008-Ohio-6980, ¶21. A trial court does not abuse its discretion in overruling a motion to withdraw when (1) the defendant was represented by competent counsel; (2) the defendant was afforded a full plea hearing, pursuant to Crim.R. 11; (3) the defendant was provided a complete and impartial hearing on the motion to withdraw; and (4) the trial court gave full and fair consideration to the request. *Peterseim*, *supra*, at paragraph three of the syllabus.

**{¶13}** Appellant's arguments on appeal are limited to the second and fourth factors: he challenges the knowing, intelligent, and voluntary nature of his plea at the Crim.R. 11 hearing and whether the trial court gave full and fair consideration to the basis for his motion to withdraw, namely his lack of understanding that the trial court could order a PSI prior to sentencing.

{¶14} Pursuant to Crim.R. 11(C)(2), a trial court shall not accept a plea of guilty in a felony case without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Further, when the guilty plea is entered pursuant to a negotiated plea agreement, "the underlying agreement upon which the plea is based shall be stated on the record in open court." Crim.R. 11(F).

{¶15} It is evident from the transcript of appellant's plea hearing that the trial court complied with these Crim.R. 11 requirements. Additionally, the trial court specifically informed appellant that it was not bound by the six-month sentencing recommendation in the plea agreement and that it could impose any sentence, up to eighteen months, for the offense. *See State v. Warith*, 6th Dist. Lucas No. L-02-1240, 2003-Ohio-6367, ¶8 (citation omitted).

{¶16} "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.

The test is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990), citing Crim.R. 52(A) and *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

{¶17} Appellant argues the trial court did not inform him, prior to accepting his plea, that it could order a PSI despite appellant's waiver in the plea agreement. Although the court ordered the PSI, it obtained only appellant's criminal record from the probation department prior to sentencing. Had the trial court not received that information, the trial court would still have been aware of at least a portion of appellant's relevant criminal history from the face of the indictment. Further, in order to properly consider the seriousness and recidivism factors provided in R.C. 2929.12, the trial court was *required* to consider appellant's criminal history prior to sentencing. The trial court was therefore well within its discretion to sentence appellant to eighteen months even without a PSI. Appellant contends he was prejudiced by entering his guilty plea without understanding the trial court was not bound by the statement in the plea agreement that he waived a PSI. We disagree. Appellant's argument that his guilty plea was not knowing, voluntary, and intelligent is not well taken.

{¶18} Finally, the record establishes that the trial court gave full and fair consideration to appellant's motion to withdraw his plea. It engaged appellant personally on the issue at both the hearing to withdraw his plea and the sentencing hearing later that afternoon. The court reiterated it had advised appellant at the plea hearing that it was not bound by the recommendations contained in the plea agreement. Based on the colloquy with appellant, there was a sufficient basis for the trial court to find that he was attempting to shield the court from his criminal record and was arguing to withdraw his plea in an effort to avoid being sentenced sooner rather than later.

7

Based on a review of the transcript, we find appellant's argument that the trial court did not fully and fairly consider the basis for his motion to withdraw not well taken.

{¶19} Appellant's sole assignment of error is without merit. The trial court did not abuse its discretion by overruling appellant's motion to withdraw his guilty plea.

{¶20} Upon review of the sentencing entry, this court has found clerical errors that must be corrected by the trial court via a Crim.R. 36 nunc pro tunc entry. First, the entry incorrectly states appellant pled guilty to R.C. 2919.25(A) & (D)(1)(4), a felony of the third degree; this should be corrected to reflect that he pled guilty to R.C. 2919.25(A) & (D)(1)(3), a felony of the fourth degree. Second, the entry incorrectly states it notified appellant that post-release control is mandatory for three years; however the trial court properly notified appellant, at the plea hearing and the sentencing hearing, that post-release control in this case is optional. This should be corrected to reflect that the court notified appellant that post-release control is optional up to a maximum of three years. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶24 ("The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.").

{¶21} For the reasons in this opinion, we affirm the judgment of the Trumbull County Court of Common Pleas and remand for the trial court to issue a nunc pro tunc sentencing entry, pursuant to Crim.R. 36.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

8

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶22} I respectfully dissent.

{¶23} The majority finds the trial court properly denied appellant's motion to withdraw his guilty plea and sentenced him to 18 months in prison rather than six months pursuant to the jointly recommended sentence. For the reasons that follow, I disagree.

{¶24} This matter commenced due to the filing of a complaint alleging two counts of domestic violence, felonies of the fourth degree. Appellant was later indicted on one count of domestic violence, a felony of the third degree. Appellant, who was represented by counsel, subsequently entered into a plea agreement with the state on one count of domestic violence, a felony of the fourth degree.

{¶25} The October 8, 2015 plea agreement indicated the prison term range was between six to 18 months. The plea agreement specified: "The prison term for this offense is not presumed necessary and is not mandatory." (Emphasis sic). The plea agreement further specified: "Defendant waives a Pre-Sentence Investigation. The State and Defendant agree to a jointly recommended prison sentence of 6 months." (Emphasis sic).

{¶26} A plea hearing was held on October 8, 2015. At the hearing, appellant indicated the following: he is the person named in the indictment; is 36 years old; a high school graduate; able to read and write English; is a U.S. citizen; was not under the influence of drugs or alcohol; never suffered from any mental illness or disease; was not threatened by anyone to enter into the plea agreement; was not promised anything

9

special; was on misdemeanor probation; read the plea agreement and reviewed it with his attorney; did not have any questions; acknowledged his signature on the agreement; had enough time to consult with his lawyer and indicated all of his questions were answered; stated he was satisfied with his attorney's representation; understood the elements of felony domestic violence; understood the potential penalties ranged between six to 18 months in prison and included a fine up to $5,000; and understood the constitutional rights he was waiving by pleading guilty. However, appellant also stated he was unaware that the agreed six-month sentence was not binding on the court and was unaware that it was up to the court to determine what the appropriate sentence would be. At the conclusion of the hearing, the trial court found appellant had been informed of his constitutional rights and that he understood the nature of the charge, the effect of the guilty plea, and the possible penalties. Thus, the trial court found appellant guilty and accepted his plea. The trial court rightly, and well within its discretion, also ordered a PSI despite the agreed sentence.[1]

{¶27} As a result, appellant, through counsel, then filed a motion to withdraw his guilty plea less than one month later on November 4, 2015. In his motion and attached exhibit, appellant stated he no longer wished to proceed with the plea he previously entered but rather wanted a jury trial. Appellant acknowledged that when he accepted the plea bargain, he was agreeing to accept a six month sentence and waive a PSI. Appellant indicated, however, that the trial court ordered him to undergo a PSI even though it was not part of the plea bargain.

---

1. The PSI reveals that appellant's criminal background began when he was a teenager. His prior record is extensive. In fact, it is eight pages long. The Static Tool of the Ohio Risk Assessment System was completed and appellant was assessed at a "moderate" level of risk.

{¶28} A hearing was held on November 19, 2015. At that hearing, appellant indicated he wanted to withdraw his plea and have a jury trial. Appellant said his attorney told him that a PSI would be waived and he would just be sentenced to a straight six months. Appellant said he felt "sabotaged." Appellant stated he did not receive good representation from his counsel. Appellant said the allegations were untrue and he was "innocent" of the charge. Appellant also said he did not understand at the time how he could waive his rights. Nevertheless, the trial court orally denied appellant's motion to withdraw his guilty plea. Thereafter, the trial court proceeded to sentencing.

{¶29} At sentencing, both the prosecutor and defense counsel reiterated the agreed recommendation of six months in prison. The prosecutor stated: "* * * I'm going to stand by the recommendation. I don't want to create unnecessary appellate issues, so I'll stand by whatever is in the plea form * * *." Defense counsel stated: "Your Honor, I would just ask the Court to go along with the Rule 11 Agreement and sentence my client to the six months that was negotiated between myself and the state."

{¶30} Contrary to the foregoing, the trial court sentenced appellant to 18 months in prison, i.e., *three times longer* than the agreed negotiated sentence at the plea hearing.

{¶31} This writer is aware that the trial court had jurisdiction to impose or not impose the jointly recommended sentence. *See generally State v. Zenner*, 11th Dist. Lake No. 2004-L-008, 2005-Ohio-6070, ¶26. The PSI in this case subsequently attained by the court reveals a compelling reason for the trial court to not follow the parties' agreement as appellant's criminal background is long and troubling. Once the trial judge realized he could not follow the agreed plea and recommended sentence and

11

the terms and conditions upon which appellant pleaded guilty, he should have allowed appellant to withdraw his plea. The agreed condition upon which he pleaded guilty no longer existed. It is this writer's humble position that the trial court abused its discretion in not allowing appellant to withdraw his plea and go to trial.

**{¶32}** As indicated, appellant filed his motion to withdraw his guilty plea pre-sentence.

**{¶33}** "'Crim.R. 32.1 governs the withdrawal of a guilty plea prior to sentencing and provides: "(a) motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." *State v. Xie*, 62 Ohio St.3d 521, 526 * * * (* * *) (1992)."

**{¶34}** "'A motion to withdraw a guilty plea filed before sentencing should be freely and liberally granted. *Xie* at 526. However, there is no absolute right to withdraw a guilty plea. *Id.* "Appellate review of a trial court's denial of a motion to withdraw is limited to a determination of abuse of discretion, regardless whether the motion to withdraw is filed before or after sentencing." *State v. Peterseim*, 68 Ohio App.2d 211, * * * (* * *), paragraph two of the syllabus (8th Dist. 1980).' (Parallel citations omitted.) *State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶9-10.

**{¶35}** "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 * * * (1925). An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies

12

on clearly erroneous findings of fact.' *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 * * * (8th Dist.2008).

{¶36} "* * *

{¶37} "'We consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea. Those factors include: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Griffin*, 141 Ohio App.3d 551, 554 * * * (* * *) (7th Dist.2001); *State v. Fish*, 104 Ohio App.3d 236, 240 * * * (* * *) (1st Dist.1995).' *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16 and 4-12-17, 2013-Ohio-2261, ¶18 * * *. (Parallel citations omitted.)" (Parallel citations omitted.) *State v. Pudder*, 11th Dist. Portage No. 2013-P-0045, 2014-Ohio-68, ¶12-14, 18.

{¶38} The factors in this case establish the trial court abused its discretion in failing to grant appellant's motion to withdraw his plea. Such motions, made pre-sentencing, are to be granted freely and liberally. *Xie, supra,* at 526. Regarding the factors, (1) nothing in the record indicates the prosecution would have been prejudiced if the plea was withdrawn; (2) appellant indicated at the hearing on the motion to withdraw that he was unsatisfied with his counsel's representation; (3) appellant stated at the plea hearing that he was unaware that the agreed six-month sentence was not

13

binding on the court and was unaware that it was up to the court to determine what the appropriate sentence would be; (4) appellant stated at the hearing on the motion to withdraw that he wanted to withdraw his plea and have a jury trial - that his attorney told him that a PSI would be waived and he would just be sentenced to a straight six months - that he felt "sabotaged" - that he did not receive good representation from his counsel - that the allegations were untrue and he was "innocent" of the charge - and that he did not understand at the time how he could waive his rights; (5) nevertheless, the trial court told appellant he did not "get to pick and choose" and the court orally denied his motion to withdraw; (6) appellant's motion was made within a reasonable time, i.e., less than one month after the plea hearing and prior to sentencing; (7) appellant stated in his motion that he no longer wished to proceed with the plea he previously entered but rather wanted a jury trial – he acknowledged that when he accepted the plea bargain, he was agreeing to accept a six month sentence and waive a PSI; (8) appellant stated at the hearing on the motion to withdraw that he did not understand at the time how he could waive his rights; and (9) appellant said he was "innocent." *See Pudder, supra,* at ¶18.

{¶39} A plea agreement requires citizens who are accused of crimes to waive valuable constitutional rights in making a knowing and voluntary plea in exchange for a multitude of reasons including pleading to a lesser offense or for the ability to obtain a lesser sentence. The trial court's disagreement with the agreed plea and recommended sentence is sufficient to meet the *Pudder* factors in freely granting a withdrawal of defendant's plea. In this writer's opinion, the failure to grant appellant's motion to withdraw his guilty plea violates the abuse of discretion standard and flies in the face of

14

procedural fairness and compromises the court's integrity in a game of "gotcha" which clearly is an abuse of discretion as it does not comply with reason or the record.

{¶40} Accordingly, I respectfully dissent.