[Cite as *State v. Green*, 2019-Ohio-1303.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0063** |
| BENJAMIN N. GREEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2000 CR 00574.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Christopher Becker* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Benjamin N. Green, appeals a judgment in the Trumbull County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw a guilty plea without conducting a hearing or issuing findings of fact and conclusions of law. We affirm the trial court's judgment.

{¶2} As an initial point, Green cited facts in his opening brief based on (1) the two volumes of transcript from the January 11, 2002 hearing on his motion to suppress,

and (2) Green's affidavit, which he states is appended to his motion to "vacate" his plea. Neither of these sources were made part of the record on appeal.

{¶3} "The duty to provide a transcript for appellate review falls upon the appellant." *State v. Bolden*, 11th Dist. Lake No. 2014-L-121, 2016-Ohio-4727, ¶61. "This is because an appellant has the burden to show error by reference to matters in the record." *Id.*, citing *State v. Skaggs*, 53 Ohio St.2d 162, 163 (1978). "This principle is recognized in App.R. 9(B), which provides that '* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.'" *Id.*

{¶4} Therefore, neither the transcript from the suppression hearing nor the affidavit missing from the motion to vacate are considered by this court. The following facts are supported by the record in this matter:

{¶5} On August 28, 2000, Mr. John Williamson was shot and killed near the intersection of Austin Avenue and Oak Street, Warren, Ohio, while riding his bicycle. He was 18 years old at the time of his death, 4"3' in height, and weighed approximately 97 pounds.

{¶6} Police detained Green, who was fleeing from the direction of the crime shortly after the shooting, in a nearby church parking lot. He was subsequently brought into the Warren Police Department for questioning. Det. Sgt. Al Bansky and Det. Jeff Hoolihan are the detectives that met with Green in an interrogation room at the Warren Police Department. Green was 16 years old at the time of the interrogation.

{¶7} Before beginning the interrogation, Green was presented with a Warren Police Department waiver of rights form. Green was read the rights form by Det. Sgt.

2

Bansky, he read the form back to the detectives, and he signed it as witnessed by the detectives. The transcript of Green's interview, Green's written statement, and the findings of fact and conclusions of law in the judgment entry denying Green's motion to suppress, indicate that Green knowingly and willingly waived his rights either orally or in writing—including his right to counsel—no less than three times in less than two hours.

{¶8} Neither detective was in uniform during the interrogation. Green stated repeatedly that he was comfortable, willing to talk to the detectives on camera, and understood that he could stop talking and request an attorney at any time. Green was permitted to take multiple breaks during the interrogation. Green stated multiple times that he understood his rights and that he had not been threatened, intimidated, or promised anything in exchange for his willingness to talk with detectives.

{¶9} During the interrogation, Green gave a detailed oral and written description of the events that occurred on August 28, 2000, which led to the death of Mr. Williamson. Green encountered the victim while walking down the street where the murder occurred. Initially suspecting that the victim may have had a gun in his right pocket, Green shot at the victim using a .25 caliber chrome automatic firearm at least four times, striking him twice. The final gunshot to strike the victim, fired by Green to the back of the victim's head from approximately two feet away, was fatal. Green further stated that following the fatal shot, he fled the scene on foot and threw the murder weapon in the woods. Green agreed to help the detectives locate the weapon. It was later retrieved—consistent with Green's version of events—in the woods where Green claimed to have thrown it while fleeing.

{¶10} Sometime after Green had given his oral and written statement, and unbeknownst to him, his parents arrived with an attorney retained to represent him. Police refused to allow both the parents and the attorney to have access to Green, as he had already waived his rights and had not requested an attorney at any time during the interrogation.

{¶11} Green was indicted on one count of aggravated murder with a firearm specification (R.C. 2903.01(A) and 2941.145) on September 9, 2000. On October 5, 2000, Green entered a plea of not guilty at his arraignment on the indictment. Between that time and his change of plea in 2002, Green's defense counsel filed motions challenging Green's competency to stand trial, requesting recusal of the judge, and to suppress all illegally obtained evidence during the investigation into the murder, including statements Green made to detectives on August 28, 2000.

{¶12} The motion to suppress was filed on October 12, 2000, and was supplemented on May 7, 2001. A hearing on the motion was held on January 11, 2002. On January 18, 2002, the trial court issued its findings of fact and conclusions of law overruling the motion. Considering the totality of the circumstances of the interrogation, the court found that Green knowingly, intelligently, and voluntarily waived his *Miranda* rights. The court further found that the presence of Green's parents and an attorney on his behalf were irrelevant because of his valid waiver of rights.

{¶13} That same day, Green appeared with counsel and entered a plea of guilty to an amended indictment charging him with one count of murder with a firearm specification (R.C. 2903.02 and 2941.145). He was sentenced to 15 years to life for the murder and 3 years for the firearm specification, to run prior to and consecutively. This

4

sentence was subject to time served from August 28, 2000. Green did not appeal the sentence, nor did he challenge the ruling on the motion to suppress.

**{¶14}** After serving nearly eighteen years of his prison sentence, Green filed a motion to withdraw his guilty plea on May 16, 2018, which the state opposed. The trial court denied the motion on June 14, 2018 without a hearing. No findings of fact or conclusions of law were issued.

**{¶15}** Green filed a timely notice of appeal and raises the following assignment of error for our review:

**{¶16}** "Defendant-Appellant's sole assignment of error is that the trial court erred in denying the motion to vacate guilty plea filed by defendant-appellant."

**{¶17}** Under his sole assignment of error, Green raises several issues which are briefed by both sides, but which are not specifically assigned as separate errors. The following issues are presented:

> [1.] Did the trial court err in not holding a hearing on defendant-appellant's motion to vacate his guilty plea?
>
> [2.] Did the trial court err in not providing findings of facts and conclusions of law to explain the basis of its decision to deny defendant-appellant's motion to vacate his guilty plea?
>
> [3.] Do [sic] the trilogy of United States Supreme Court cases decided during the period from 2005 through 2012 and made retroactive bear directly upon the validity of defendant-appellant's motion to vacate his guilty plea?
>
> [4.] Has the defendant-appellant shown that "manifest injustice" occurred in this case?
>
> [5.] Did the trial court abuse its discretion in not granting defendant-appellant's motion to vacate his guilty plea in light of the obvious "manifest injustice" shown by defendant-appellant?

5

[6.] Did Warren police detectives Bansky and Hoolihan violate defendant-appellant's constitutional rights?

[7.] Did Warren police detectives Bansky and Hoolihan unconstitutionally deny defendant-appellant access to his parents?

[8.] Did Warren police detectives Bansky and Hoolihan unconstitutionally deny defendant-appellant access to counsel?

[9.] Was the threat of a sentence of life without parole unconstitutional?

{¶18} In arguing his sole assignment of error, Green includes contentions that should be listed as separate assignments of error because they require different legal analyses. Courts of appeal must determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16[.]" App.R. 12(A)(1)(b). Generally, appellate courts rule on assignments of error only and do not address mere arguments. *Bonn v. Bonn*, 10th Dist. Franklin No. 12AP-1047, 2013-Ohio-2313, ¶9.

{¶19} It is common, however, for an appellate court to take assignments of error from appellant's brief arguments rather than outright refuse to address the argument in the interest of justice. *See State v. Shook*, 4th Dist. Pike No. 13CA841, 2014-Ohio-3403 (although defendant's brief did not contain a separate statement of the assignments of error, rather than dismiss the appeal, the appellate court synthesized an assignment of error from the argument portion of the brief); *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430 (10th Dist.1999) ("the error assigned from the trial court's judgment is readily discernible" from appellant's "'[s]tatement of issues presented,'" and there is "no prejudice to appellees resulting from the appellant's failure to comply with App.R. 16(A)(3)"). *See also Germadnik v. Auld*, 11th Dist. Trumbull No. 2017-T-0113, 2018-Ohio-2889, ¶11 (although not properly briefed in a separate assignment of error, an issue

6

raised by the appellant was considered because the appellee was afforded an opportunity to respond).

{¶20} In the present matter, Green clearly assigns additional errors in his "Issues Presented" section which are argued in his brief. Further, the state has acknowledged and fully counter-argued against these errors in its answer brief. Therefore, there would be no prejudice to the state for this Court to reach the merits of these errors where applicable on appeal. Therefore, we move forward to rule on the merits. For clarity and convenience, we combine and consider related issues.

{¶21} The first and fifth issues Green presented for review as to why the trial court erred state:

> [1.] "[T]he trial court err[ed] in not holding a hearing on defendant-appellant's motion to vacate his guilty plea[.]"
>
> [5.] "[T]he trial court abuse[d] its discretion in not granting defendant-appellant's motion to vacate his guilty plea in light of the obvious "manifest injustice" shown by the defendant-appellant[.]"

{¶22} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus, citing Crim.R. 32.1. "Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶33 (citations omitted). The motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith, supra*, at paragraph two of the syllabus. Such a motion is allowable only in extraordinary circumstances. *Id.* at 264.

**{¶23}** "An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion." *State v. Desellems*, 11th Dist. Lake No. 98-L-053, 1999 WL 753996, *3 (Feb. 12, 1999) (citation omitted). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Dean*, 11th Dist. Trumbull No. 2015-T-0136, 2016-Ohio-8422, ¶11, citing *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶24}** Likewise, "the decision on whether or not a court is to hold a hearing on a defendant's Crim.R. 32.1 motion to withdraw a plea is reviewed to determine whether the trial court committed an abuse of discretion." *State v. Alexander*, 8th Dist. Cuyahoga No. 72028, 1998 WL 72491, *3 (Feb. 19, 1998), citing *Smith*, *supra*, at paragraph two of the syllabus.

**{¶25}** "While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant." *Gibson*, *supra*, at ¶32, quoting *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶25, citing *State v. Xie*, 62 Ohio St. 3d 521 (1994), paragraph one of the syllabus. "In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea." *Id.* "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea 'is not required if the facts as alleged by the defendant, and accepted as true by the court,

8

would not require that the guilty plea be withdrawn.'" *Id.* at ¶33, quoting *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶18 (citation omitted).

**{¶26}** Under these circumstances, we find that Green's motion has not demonstrated the "manifest injustice" necessary to allow withdrawal of his guilty plea under Crim.R. 32.1. He has presented no supporting affidavits, documentary evidence, files, or other evidence in support of the motion to withdraw his guilty plea from 2002. The records exist just as they did at the determination of the suppression motion on January 18, 2002, which the trial court denied after setting forth findings of fact and conclusions of law as to Green's interrogation and valid waiver of *Miranda* rights. Green solely relies on inapposite and factually dissimilar case law that he argues "articulated a sentencing philosophy for the treatment of juvenile offenders who are charged and tried as adults" and demonstrates "evolving standards" for treating juvenile offenders that should be retroactively imposed here. Under these circumstances, Green has not set forth sufficient operative facts to establish substantive grounds for relief. The trial court did not abuse its discretion in failing to hold a hearing on the matter or in denying the motion.

**{¶27}** The second issue appellant presented for review as to why the trial court erred states: "[T]he trial court err[ed] in not providing findings of facts and conclusions of law to explain the basis of its decision to deny defendant-appellant's motion to vacate his guilty plea[.]"

**{¶28}** "There is no duty for a trial court to issue findings of fact and conclusions of law when denying a Crim.R. 32.1 motion to withdraw a guilty plea." *State v. Dewey*, 11th Dist. Ashtabula No. 98-A-0027, 1998 WL 964499, *4 (Dec. 4, 1998), citing *State ex rel.*

9

*Hagwood v. Jones*, 8th Dist. Cuyahoga No. 72084, 1997 WL 209289, *1 (Apr. 24, 1997); *State v. Marshall*, 6th Dist. Wood No. WD-88-63, 1989 WL 72239, *2 (June 30, 1989).

**{¶29}** Here, Green is confusing a motion brought pursuant to Crim.R. 32.1 with a petition for postconviction relief under R.C. 2953.21. If a trial court dismisses a petition for postconviction relief under the latter, "it shall make and file findings of fact and conclusions of law[.]" R.C. 2953.21(H). A trial court has no such duty when denying a Crim.R. 32.1 motion to withdraw a guilty plea.

**{¶30}** In support of his position, Green cites to this court's decision in *State v. Emerine*, 11th Dist. Lake No. 2017-T-0091, 2018-Ohio-2458. In that case, we found that a trial court, due to the mandate in the postconviction statute, was required to make findings of fact and conclusions of law. *Id.* at ¶8. *Emerine* did not involve a post-sentence motion to withdraw a guilty plea, which has no such mandate.

**{¶31}** In the case sub judice, the motion filed by Green bore the caption "Motion to withdraw guilty plea" and referenced Crim.R 32.1 in both the original motion and all briefing regarding the issue. Further, the request is one to withdraw a plea after a sentence has been imposed—which is properly brought under Crim. R. 32.1—and not to void or alter a judgment. Finally, Green's arguments for withdrawing the guilty plea are rooted in the "manifest injustice" legal standard, which is language taken directly from Crim.R. 32.1. Therefore, the trial court could clearly overrule the motion without issuing findings of fact and conclusions of law.

**{¶32}** The next set of issues Green presented for review as to why the trial court erred, which relate directly to the hearing on Green's motion to suppress held on January 11, 2002, state:

[6.] Warren police detectives Bansky and Hoolihan violate[d] defendant-appellant's constitutional rights[.]

[7.] Warren police detectives Bansky and Hoolihan unconstitutionally den[ied] defendant-appellant access to his parents[.]

[8.] Warren police detectives Bansky and Hoolihan unconstitutionally den[ied] defendant-appellant access to counsel[.]

[9.] [T]he threat of a sentence of life without parole [was] unconstitutional[.]

{¶33} As stated above, "[t]he duty to provide a transcript for appellate review falls upon the appellant." *Bolden*, *supra*, at ¶61. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶34} Because no transcript of the January 11, 2002 hearing was incorporated into the record in the present matter, we are forced to rely solely on the findings of fact and conclusions of law issued by the trial court following the hearing. There, the trial court utilized the appropriate totality-of-the-circumstances approach from *State v. Edwards,* 49 Ohio St.2d 31 (1976), *overruled on other grounds*, *sub nom. Edwards v. Ohio*, 438 U.S. 911 (1978). Citing the testimony and evidence in detail, the court determined that Green effectively waived his *Miranda* rights. The conclusions of law state that "[t]he Court, having heard the testimony of the witnesses and having reviewed the video and audio taped statements of the Defendant and all exhibits and the totality of the circumstances the Defendant knowingly, intelligently and voluntarily waived his Miranda warnings."

11

**{¶35}** Throughout the issues raised in his brief and reply brief, Green argues that the constitutional issues regarding interrogations and charging of juveniles did not exist prior to a "trilogy of cases" decided by the United States Supreme Court since the time of his plea. He contends these cases establish "a philosophy of dealing with juvenile offenders" that is applicable to the determination of voluntariness of his oral, written, and videotaped confessions on August 28, 2000. In addition, he contends they have an impact on what level of punishment was constitutionally available to the state.

**{¶36}** In fact, all three Supreme Court cases in the "trilogy" are regarding treatment of juveniles for sentencing purposes. None of them have any bearing on interrogations of juveniles or whether juvenile confessions are deemed valid. *Roper v. Simmons*, 543 U.S. 551 (2005), syllabus ("The Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed."); *Graham v. Florida*, 560 U.S. 48, 82 (2010) ("The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."); *Miller v. Alabama*, 567 U.S. 460, 489 (2012) ("*Graham*, *Roper*, and our individualized *sentencing decisions* make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.") (emphasis added).

**{¶37}** Because these Supreme Court cases are inapposite, the interrogation issues were already properly heard by the trial court and decided after the hearing on the suppression motion, from which the trial court issued findings of fact and conclusions of law. "During a hearing on a motion to suppress evidence, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and assess the

12

credibility of witnesses." *State v. Lett*, 11th Dist. Trumbull No. 2008-T-0116, 2009-Ohio-2796, ¶13, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8. "An appellate court reviewing a motion to suppress is bound to accept the trial court's findings of fact where they are supported by competent, credible evidence." *Id.*

**{¶38}** Under Ohio law, as it stands presently and in 2000, a juvenile may voluntarily make a confession in the absence of his parents where he or she knowingly, intelligently, and voluntarily waives *Miranda* rights. *See*, *e.g.*, *In re Watson*, 47 Ohio St.3d 86, 89-90 (1989); *State v. Stewart*, 176 Ohio St. 156, 159-160 (1964); *State v. Bell*, 48 Ohio St. 2d 270, 276-277 (1976), *rev'd on other grounds*, *sub nom. Bell v. Ohio*, 438 U.S. 637 (1978).

**{¶39}** It is important to note that there was no direct appeal taken after Green's plea and conviction. As such, in addition to the other reasons stated herein, many of his claims would be barred by res judicata. *See*, *e.g.*, *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶24; *State v. Cale*, 11th Dist. Lake No. 2000-L-034, 2001 WL 285794, *3 (Mar. 23, 2001).

**{¶40}** Furthermore, there is no evidence in the record of the alleged threat by a prosecutor of a life sentence without the possibility for parole. Green references an affidavit that was appended to the motion to withdraw his plea; however, that affidavit is not present in the record or on the docket for this case. We thus have nothing to review and—just as with the missing transcript discussed above—have no choice but to presume the validity and regularity of the trial court's proceedings, deferring to the court's determination following the hearing on the motion to suppress as valid. *See Bolden*,

13

*supra*, at ¶61; *State v. Locke,* 11th Dist. Lake No.2014-L-053, 2015-Ohio-1067, ¶90, quoting *Knapp*, *supra*, at 199.

{**¶41**}  Green's sole assignment of error is without merit with regard to all issues raised.  There is nothing in the record to suggest that the trial court's ruling on Green's confession was improper or in error.  As such, in view of a valid confession that he did, in fact, commit the offense in question, Green has not established the existence of a "manifest injustice" that would support withdrawal of his guilty plea.

{**¶42**}  The judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.