[Cite as *State v. Whitted*, 2023-Ohio-3530.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2023-A-0017** |
| | **2023-A-0018** |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| JAVAUN ANTHONY WHITTED, | |
| | Trial Court Nos. 2022 CR 00208 |
| Defendant-Appellant. | 2022 CR 00273 |

**O P I N I O N**

Decided: September 29, 2023
Judgment: Affirmed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Michael J. Angiolelli*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Javaun Anthony Whitted, appeals from the judgment of the Ashtabula County Court of Common Pleas, denying his pre-sentence motion to withdraw his guilty plea. At issue is whether the trial court abused its discretion in overruling appellant's motion and proceeding to sentencing on appellant's plea of guilty. We affirm.

{¶2} Appellant was indicted in Case. No. 2022 CR 00208 on one count of Involuntary Manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A) and (C); one count of Corrupting Another with Drugs, a felony of the second degree, in

violation of R.C. 2925.02(A)(3) and (C)(1); and one count of Trafficking in a Fentanyl-Related Compound, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1) and (C)(9)(a). Later, appellant was indicted in Case No. 2022 CR 00273 on one count of Possessing Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24(A) and (C).

{¶3} Appellant was appointed counsel and entered pleas of not guilty to the various charges in each case. On February 8, 2023, appellant entered a written plea of guilty to one count of Involuntary Manslaughter in Case No. 2022 CR 00208 and a written plea of guilty to one count of Possessing Criminal Tools in Case No. 2022 CR 00273. After a thorough plea colloquy, pursuant to Crim.R. 11, the trial court accepted appellant's guilty plea. During a plea hearing, the prosecutor provided the following factual recitation:

> On 6-4-20, deputies responded to 2914 Carpenter Road in Ashtabula for a potential overdose. Deputy Ginn responds and finds 27-year old Frank Pugliese, III dead in the room down in the basement. Detective Nelson arrives and finds half a pill in the victim's phone. Victim's mom said they saw Frank at - - at 12:00 a.m. Coroner's Office collected his blood and urine. Initial screen detects opioids in the urine. Review of victim's Life360 Tracker in his text on his phone have him going to Javaun Whitted's for Percocet and $20 in heroin. Upon - - the pill found in his room is half a pill of fentanyl. Detectives interviewed Whitted and he confessed to selling drugs. The victim died as a result of a fentanyl overdose.
>
> Then on 4-24-21, Trooper Hayes of OSHP stopped Whitted for speeding. He could detect the odor of raw and burnt marijuana coming from the vehicle. Whitted was asked to exit the vehicle and was patted down. A large amount of money was found in his pocket, and he said it was stimulus money. A LEADS check showed that Whitted had several warrants for trafficking in drug possession. He was arrested and searched. A search of his vehicle was conducted, and a fanny pack in the front passenger's seat, a wallet, a large amount of money, bands together - - rubber bands [were] found. Next to the money was a scale and a small amount of marijuana.

2

The scale was tested and found trace amounts of fentanyl in it.

{¶4} The parties jointly recommended a three to four and one-half year sentence, which, at the plea hearing, the trial court suggested it would accept at sentencing. A pre-sentence investigation report was ordered.

{¶5} Prior to sentencing, appellant, via counsel, filed a motion to withdraw his guilty plea. The trial court conducted a hearing wherein counsel and appellant were given an opportunity to explain the motion's basis. Appellant asserted he did not fully understand the ramifications of his plea of guilty and, after doing research, he determined that, with private representation, he could win at trial. The trial court reminded appellant multiple times that, at the plea hearing, appellant stated on record that he clearly understood the rights he was waiving and the offenses to which he was pleading guilty. After considering appellant's position, in light of the surrounding circumstances, the trial court denied the motion. This appeal follows.

{¶6} Appellant assigns the following as error:

{¶7} "The trial [court] committed prejudicial error that deprived Javaun Whitted of [a] trial and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by denying Mr. Whitted's pre-sentence motion to withdraw his plea."

{¶8} Under Crim.R. 32.1, a defendant may file a motion to withdraw a plea of guilty before sentence is imposed. A pre-sentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The Supreme Court has recognized that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but "[a] trial court must conduct a hearing to

3

determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶9} "'The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.'" *State v. Holin,* 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 15 (11th Dist.), quoting *Xie* at paragraph two of the syllabus; *State v. Bisson,* 11th Dist. Portage No. 2012-P-0050, 2013-Ohio-2141, ¶ 23 ("since the determination of a motion to withdraw lies within the trial court's sound discretion, the scope of our appellate review is limited to an 'abuse-of-discretion' analysis"). "'Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" (Citations omitted.) *Xie* at 526, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶10} This court has applied the four-factor test set forth in *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980) to determine whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea. *State v. Parham,* 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 19. Under *Peterseim,* a trial court does not abuse its discretion in denying a motion to withdraw a plea:

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim*, at paragraph three of the syllabus.

{¶11} Appellant contends the trial court erred in denying his pre-sentence motion to withdraw his plea because his justifications for filing the motion, that he pleaded guilty

4

because he feared the likelihood of a greater sentence and desired private counsel, were sufficient to support withdrawal. He maintains, in the interest of fairness and justice, this court should reverse the trial court's decision. We do not agree.

{¶12} During the hearing on appellant's motion, appellant first indicated he wished to change his plea and proceed to trial with the assistance of private counsel, rather than an attorney from the Ashtabula County Public Defender's Office. In appellant's view, a private attorney would "care a little more because they're paid necessarily, that they would be more inclined to, you know, help me a little more with my case." The trial court noted, however, that "[y]our two attorneys just won a trial last week, so I think they're pretty darn good."

{¶13} Appellant does not dispute the competence of the attorneys representing him during the plea negotiation process and subsequent hearing. And courts have held that, "[g]enerally, a properly licensed attorney practicing in this state is presumed to be competent." (Citation omitted.) *State v. Brandon,* 11th Dist. Portage No. 2009-P-0071, 2010-Ohio-6251, ¶ 19; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. We therefore conclude appellant was appropriately represented by competent counsel during the change-of-plea process.

{¶14} Next, it is undisputed that appellant received a full and adequate plea hearing pursuant to Crim.R. 11. Indeed, during the hearing on appellant's motion, the trial court stated it had the plea hearing transcribed and had read it several times. The court reviewed appellant's admissions and waivers and appellant agreed that, at that time, he was pleading guilty to the underlying crimes voluntarily and of his own free will. The court additionally emphasized that appellant, during the change-of-plea hearing,

5

Case Nos. 2023-A-0017 and 2023-A-0018

admitted he had no questions and agreed to all waivers and consequences of his plea. We therefore conclude appellant was given a full hearing under Crim.R. 11 and there is nothing to indicate the plea of guilty was otherwise invalid.

{¶15} Additionally, appellant was afforded a full hearing on his Crim.R. 32.1 motion. The court heard appellant's motion immediately prior to sentencing. "Inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing can constitute a full and fair hearing on the motion." *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 78, citing *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 20. Under the circumstances, appellant was given an opportunity to be heard and inform the trial court of the foundation of his motion to withdraw. We therefore conclude he was afforded a thorough hearing under *Peterseim.*

{¶16} Finally, the trial court engaged appellant in a full dialogue relating to his representations during the change-of-plea hearing. Appellant admitted he voluntarily entered the plea of guilty, but simply changed his mind after reconsidering the matter. The trial court gave thoughtful consideration of appellant's representations in support of his Crim.R. 32.1 motion and concluded, in light of the circumstances, his foundation(s) for withdrawal were insufficient. The record therefore demonstrates the trial court gave the necessary consideration to appellant's motion.

{¶17} We reiterate that a defendant does not have an unconditional right to withdraw a plea prior to sentencing. The trial court conducted a hearing to determine whether there was a reasonable and legitimate foundation for withdrawal. The court held the hearing and carefully considered appellant's motion and the details of surrounding his plea of guilty. The record demonstrates each of the *Peterseim* factors were met. "It is not

6

Case Nos. 2023-A-0017 and 2023-A-0018

the role of an appellate court to conduct a de novo review of a trial court's decision in these circumstances." *Xie*, 62 Ohio St.3d at 527. Accordingly, we conclude the trial court did not act unjustly or unfairly and, as such, did not abuse its discretion in overruling appellant's Crim.R. 32.1 motion.

{¶18} Appellant's assignment of error lacks merit.

{¶19} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

7