[Cite as *State v. Strmac*, 2024-Ohio-2405.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-A-0059** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| NICOLE R. STRMAC, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00589 |

**O P I N I O N**

Decided: June 24, 2024
Judgment: Reversed and remanded

*Coleen M. O'Toole*, Ashtabula County Prosecutor, and *Calvin Nguyen*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Cecily J. Mullins*, Megargel, Eskridge & Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Nicole R. Strmac ("appellant"), appeals the trial court's October 26, 2023 judgment denying her pre-sentence motion to withdraw guilty plea. Upon denying her motion to withdraw her plea, the trial court imposed a prison term of a minimum of two years and a maximum indefinite sentence of three years. Appellant challenges the trial court's denial of her pre-sentencing motion to withdraw her plea, and the State of Ohio ("State") concedes error. The judgment is reversed, and the matter is remanded to the Ashtabula County Court of Common Pleas.

{¶2} On December 27, 2023, the Ashtabula County Grand Jury returned an indictment charging appellant with one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2) and (D)(1)(a).[1] On January 12, 2023, appellant pled not guilty at arraignment and a personal recognizance bond was set as $25,000. As a condition of bond, appellant was ordered to have no contact with the alleged victims.

{¶3} Appellant appeared for several pretrial hearings. Plea negotiations were discussed and rejected by appellant on at least three occasions: April 17, 2023, May 2, 2023, and July 31, 2023. Appellant also indicated her desire to represent herself during the May 2, 2023 pretrial hearing because she believed that her counsel had not provided adequate representation. She stated: "I feel like I'm being pushed to take a plea bargain that I don't agree with because I'm not guilty of what they're saying I'm guilty of." (T.d. 63, p.12). Three days later, on May 5, 2023, appellant retained new counsel. On July 31, 2023, after she rejected the plea offer again, appellant was advised that the trial would be held on August 14, 2023.

{¶4} On August 11, 2023, three days prior to the scheduled trial, appellant's counsel sought a continuance based upon additional discovery that was provided to appellant. The motion did not disclose the content of the additional or new discovery but alleged that the State did not object to the continuance of the trial to allow the parties to engage in additional discovery if needed.

{¶5} On August 14, 2023, the day of her scheduled trial, appellant was late to court and a capias was issued. Appellant did appear before the court later that day and

---

1. This case was bound over from the Ashtabula County Court, Western Division, in Case No. 2022 CRA 00526 on December 5, 2022.

Case No. 2023-A-0059

entered a guilty plea to felonious assault as charged in the indictment. The trial court began the plea colloquy and explained the maximum sentence and fine. When the trial court inquired if appellant understood the penalties, the following exchange occurred:

> [Appellant]: Yeah. No, sir.
>
> [Trial Court]: You do not understand that?
>
> [Appellant]: I do, but I don't - -
>
> [Trial Court]: What is it you don't understand?
>
> [Appellant]: I don't understand how I'm getting charged with something for hitting a car.
>
> * * *
>
> [Appellant]: I said I don't understand how I'm getting charged with an assault charge when I hit a car because I was trying to get away from somebody who was beating - -
>
> [Trial Court to Defense Counsel]: * * * do you need a few minutes to speak with her?
>
> [Appellant]: No.
>
> [Defense Counsel]: I think we're okay, Judge.

T.d. 65, p. 3-4.

{¶6} The colloquy continued with appellant acknowledging and waiving her constitutional rights and appellant entered a plea of guilty to the indictment. The trial court accepted her plea, ordered a presentence investigation ("PSI"), and set the matter for sentencing. The capias was recalled after appellant entered her plea.

{¶7} Two weeks after the plea and prior to sentencing, appellant filed a motion to withdraw her guilty plea on August 28, 2023. On September 29, 2023, the date originally set for sentencing, a brief hearing was held. While appellant's counsel indicated

3

the desire to withdraw the pending motion to withdraw the plea and proceed to sentencing, appellant disagreed. The trial court again asked appellant if it was her intention to withdraw her request to withdraw her guilty plea and proceed to sentencing. Appellant stated: "I don't understand what that means. No." The trial court then called a recess to allow appellant to meet with counsel.

{¶8} Three days later, on October 2, 2023, a hearing was held on the motion to withdraw her guilty plea. The trial court denied the motion and proceeded to sentencing. The trial court imposed an indefinite prison term of a minimum of two years and a maximum sentence of three years.[2]

{¶9} Appellant appeals and raises the following assignment of error: "The trial court committed prejudicial error that deprived [appellant] of a trial and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by denying [appellant]'s pre-sentence motion to withdraw her guilty plea. (T.d. 49)."

{¶10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. A pre-sentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to

---

2. An incorrect prison sentence was initially announced at sentencing but was corrected later by the trial court. T.d. 67, p. 29-30.

4

withdraw his plea. This is the presumption from which all other considerations must start." *State v. Barnes*, 172 Ohio St.3d 63, 2022-Ohio-4486, 222 N.E.3d 537, ¶ 21. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie,* at paragraph one of the syllabus.

{¶11} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. "'Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" (Citations omitted.) *Xie* at 526, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir. 1978). When reviewing whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea, this court has routinely applied the four-factor test set forth in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980). *State v. Whitted*, 2023-Ohio-3530, ¶ 10. See also, *State v. Parham*, 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 19. This Court has recognized that "*Peterseim* does not provide the exclusive test whereby appellate courts evaluate presentence motions to withdraw guilty pleas." *State v. Pudder*, 11th Dist. Portage No. 2013-P-0045, 2014-Ohio-68, ¶ 17. Indeed, the trial court utilized a nine-factor test as described in *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist. 2001), ("*Griffin* factors").[3] Whether this Court reviews this case under either *Peterseim* factors or the alternative (*Griffin*) analysis, the result is the same.

---

3. See also, *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788, (1st Dist. 1995); *State v. Rozell*, 2018-Ohio-1722, 111 N.E.3d 861 (2d. Dist.); *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16 and 4-12-17, 2013-Ohio-2261, *State v. Ybarra*, 6th Dist. Wood No. WD-19-006, 2019-Ohio-4824, ¶ 9.

Case No. 2023-A-0059

{¶12} In the instant case, the State concedes error, and we agree. Considering this Court's decision in *State v. Whitted*, 11th Dist. Nos. 2023-A-0017, 2023-A-0018, 2023-Ohio-3530, wherein we affirmed a trial court's decision regarding a motion to withdraw guilty plea despite the State's concession, it is appropriate to discuss the facts of this case which are distinguishable from those in *Whitted*.

{¶13} In *Whitted* this court noted that the defendant in that case "had no questions and agreed to all the waivers and consequences of his plea" during the change of plea hearing *Id.*, ¶ 14. Whitted "simply changed his mind after considering the matter." *Id.*, ¶ 16. This case is factually distinguishable. Moreover, the plea in *Whitted* contained a jointly recommended sentence that the trial court indicated would be accepted at sentencing. *Id.,* at ¶ 4. Here, this appellant demonstrated a pattern of reluctance to enter a plea and stand by it. Appellant's indecision regarding the resolution of her case is further underscored by her changing counsel and, at times, requesting to proceed *pro se.* Also, the plea agreement in the instant case did not contain a jointly recommended sentence.

{¶14} Further, in it's brief, the State acknowledges appellant filed a motion to continue the jury trial on August 11, 2023, due to the receipt of new discovery. Moreover, the State admits that it provided appellant with new discovery on the day she entered a guilty plea. (Appellee's Brief, p. 6). According to the State, the unknown additional discovery provided to appellant on August 14, 2023, was significant enough that it would have necessitated a continuance of the trial. The State's discovery productions, which occurred a few days prior to and on the same day as appellant's plea hearing, stand in stark contrast to the facts in *Whitted* where there were no issues regarding multiple, late discovery productions. These separate discovery productions served shortly before and

6

on the day of appellant's plea also weigh heavily against a knowing, intelligent, and voluntary plea.[4]

{¶15} Appellant does not contest that she was represented by highly competent counsel at the time of her plea or argue that she was not afforded a full plea hearing pursuant to Crim.R. 11. Upon review of the record, the trial court complied with the statutory mandates and provided a full plea hearing. It is also clear from the record that the trial court held a hearing on appellant's motion to withdraw guilty plea prior to proceeding to sentencing. However, the record does not reveal that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus.

{¶16} It is undisputed that appellant was approximately 45 minutes late for the trial. Although she had called defense counsel and the trial court regarding her tardiness, a capias was issued for her arrest. At the hearing on her motion to withdraw her plea, defense counsel asserted in part:

> When Ms. Strmac got here, the offers that were related by the undersigned were basically to either plead to the indictment - - as she chose that route - - or to kick the trial out and remand her, as at that point when she arrived at court a capias was issued. Faced with the immediate threat of incarceration, coupled with the situations in Ms. Strmac's life, namely her children and being basically the sole caretaker and provider of these children, trying to work, trying to earn money and support herself, Ms. Strmac found that option to be impractical at that time. * * * I believe that with all of those factors present, maybe Ms. Strmac's state of mind was compromised such that she didn't knowingly, intelligently and voluntarily

---

4. "[W]hen a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Barnes*, 2022-Ohio-4486, at ¶ 24. The record does not provide any description of the new evidence or shed light on the possible effect this evidence had on appellant's decision to plead, if any. Therefore, it is unclear whether *Barnes* provided additional grounds for appellant's motion to withdraw.

Case No. 2023-A-0059

> understand and appreciate what this guilty plea means to her at that point. * * *

T.d. 67, p. 5.

{¶17}   The State conceded that "[Y]es, she had a warrant for her arrest at that point in time * * *." T.d. 67, p. 11. Upon review of the plea hearing, the trial court recalled the capias *after* appellant had pled guilty. This weighs in favor of appellant's argument that she felt compelled to plead guilty given the capias. Indeed, this was not the first time appellant had indicated that she felt forced to take a plea. During the May 2, 2023 hearing, appellant expressed: "I feel like I'm being pushed to take a plea bargain that I don't agree with because I'm not guilty of what they're saying I'm guilty of." (T.d. 63, p.12). Appellant stated on at least two occasions before the trial court, that she did not feel as though she was guilty of the charge.

{¶18}   Based on the record before us, including appellant's prior rejections of plea offers, her hesitancy during the plea hearing, late discovery productions, and the capias that was recalled after she entered a guilty plea, we conclude that the trial court did not give full and fair consideration to the motion under the *Peterseim's* four-factor test or *Griffin's* alternative nine-factor standard.

8

Case No. 2023-A-0059

{¶19} As such, the trial court abused its discretion in denying appellant's motion to withdraw her guilty plea and her sole assignment of error has merit. The judgment of the Ashtabula County Court of Common Pleas is reversed, the conviction and sentence are vacated, and the cause is remanded to the trial court for further proceedings.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2023-A-0059